NYQUIST v AETNA INSURANCE COMPANY

Docket No. 77-2281. Submitted May 3, 1978, at Detroit.—Decided July 6, 1978. Leave to appeal applied for.

Judith Nyquist and eight other named plaintiffs, on behalf of themselves and all others similarly situated, brought an action in Wayne Circuit Court against Aetna and four other insurance companies to recover amounts which had been withheld by the companies because they were paid by Blue Cross-Blue Shield for required hospitalization resulting from automobile accidents. Plaintiffs contend that their Blue Cross-Blue Shield coverages were improperly coordinated with the personal injury benefits payable by their automobile insurance carriers. Defendants claim that plaintiffs are not entitled to double recovery of these benefits because they elected, at a reduced premium rate, to coordinate their automobile personal injury protection benefits with other health and accident coverages. Summary judgment for defendants. Plaintiffs appeal. *Held:*

Blue Cross-Blue Shield benefits may be coordinated with personal injury benefits payable by automobile insurance carriers where such deductibles and exclusions are approved by the commissioner of insurance and where because of such deductibles and exclusions coverage is offered to policyholders at a reduced rate.

Affirmed.

1. INSURANCE—BLUE CROSS-BLUE SHIELD—AUTOMOBILE NO-FAULT—COORDINATED BENEFITS—STATUTES.

Blue Cross-Blue Shield benefits may be coordinated with personal injury insurance benefits under Michigan's no-fault act (MCLA 500.3101 *et seq.;* MSA 24.13101 *et seq.).*

2. INSURANCE—AUTOMOBILE NO-FAULT—DEDUCTIBLES AND EXCLUSIONS—REDUCED PREMIUMS—ELIGIBILITY FOR BENEFITS—STATUTES.

No-fault insurers are required to offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] New Topic Service, No-Fault Insurance § 22.
[3] 73 Am Jur 2d, Statutes § 46.

to other health and accident coverage; these deductibles and exclusions are subject to the prior approval of the Commissioner of Insurance and apply only to benefits payable to the named insured, his spouse, or relative of either domiciled in the same household (MCL 500.3109a; MSA 24.13109[1]).

3. STATUTES—CONSTRUCTION—APPEAL AND ERROR.
   The Court of Appeals gives particular weight to the interpretations of those charged with the implementation and enforcement of a statute.

*Lopatin, Miller, Bindes, Freedman & Bluestone* (by *Michael Gagleard),* for plaintiffs.

*Downs & Pirich,* for defendant League General Insurance Company.

*Bodman, Longley, Bogle & Dahling* (by *James R. Buschmann),* for defendant Allstate Insurance Company.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *James D. Tracy* and *Michael J. McGuigan),* for defendants Detroit Automobile Inter-Insurance Exchange and Michigan Mutual Insurance Company.

Before: M. F. CAVANAGH, P. J., and BRONSON and D. F. WALSH, JJ.

PER CURIAM. The issue presented in this case is whether Blue Cross-Blue Shield benefits may be coordinated with personal injury insurance benefits under Michigan's no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* We hold that insurers must offer a coordination of these benefits.

MCL 500.3109a; MSA 24.13109(1) provides:

"An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to

*other health and accident coverage* on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household." (Emphasis added.)

Plaintiffs' position is premised on the fact that Blue Cross-Blue Shield is not "insurance". See *Michigan Hospital Service v Sharpe,* 339 Mich 357; 63 NW2d 638 (1954). They contend that the Legislature used the term "health and accident coverage" in a technical sense, intending to require insurers to offer coordination of benefits only with disability insurance coverage. However, plaintiffs' argument is untenable for three reasons.

First, the legislative history of this provision demonstrates that coordination of Blue Cross-Blue Shield benefits with personal injury insurance protection was a primary concern. A report on HR 5724 prepared by the Analysis Section of the House Insurance Committee states in part:

"The Apparent Problem to Which the Bill Addresses Itself:

"Since the advent of compulsory no-fault automobile insurance last October, auto insurance premiums have not been reduced as some persons had anticipated. Many believe the average driver is overbuying in regards to accident and medical insurance since no-fault coverage overlaps with portions of the medical coverage offered by the private accident and health insurers and the group plans of Blue Cross and Blue Shield. Some persons claim Michigan residents should not be required to pay for this duplicate coverage and that automobile insurers should offer deductions and exclusions at reduced premiums to those who pay for similar coverage under other health and accident plans. Further, many contend this elimination of duplicate cover-

age by the no-fault insurers would result in a substantial savings to Michigan drivers."

Section 3109a met this problem by requiring insurers to offer benefit coordination at reduced premiums. Thus, this legislation was inextricably tied to coordination of insurance protection with Blue Cross-Blue Shield-type benefits. We also note that § 3109a uses the word "coverage" rather than "insurance"; the use of the broader term militates against plaintiffs' restrictive reading of the section at issue.

Secondly, documents that were part of the record below show that the Commissioner and Deputy Commissioner of Insurance have taken the position that medical and hospitalization plans such as Blue Cross-Blue Shield fall within § 3109a. We give particular weight to the interpretations of those charged with the implementation and enforcement of a statute. See *Boyer-Campbell Co v Fry,* 271 Mich 282; 260 NW 165 (1935).

Finally, the plain purpose of § 3109a was to reduce premiums by eliminating duplicate coverage. It is undisputed that personal injury insurance benefits overlap with medical and hospitalization benefits. Thus, plaintiffs' restrictive reading of § 3109a would subvert the clear purpose of the legislation.

Affirmed. No costs, a public question being involved.