HARRIS v GRAND RAPIDS AREA TRANSIT AUTHORITY

Docket No. 85250. Submitted June 24, 1986, at Grand Rapids. Decided August 5, 1986.

Justina Harris allegedly slipped on a plastic bag and fell backwards and down the steps as she was alighting from a Grand Rapids Area Transit Authority bus. Harris, contending that the no-fault act did not apply, filed a negligence action against the transit authority and the bus driver, identified only as John Doe, in Kent Circuit Court, seeking damages for personal injury. The trial court, George V. Boucher, J., ruled that a fall while alighting from a bus is foreseeably identifiable with the normal use of the vehicle as a motor vehicle and, therefore, was within the contemplation of the no-fault act. The court further found that plaintiff's injuries failed to meet the threshold requirements for a serious impairment of body function because they were not objectively manifested. Defendant's motion for summary disposition was granted on the ground that plaintiff failed to state a claim upon which relief could be granted. Plaintiff appealed. *Held:*

1. Plaintiff's injuries fall within the contemplation of the no-fault act and meet the criteria set forth in the parked vehicle exception and the provision requiring that the injuries arise out of the use of a motor vehicle as a motor vehicle.

2. Summary disposition on the serious impairment of body function issue was appropriate.

3. Plaintiff's injuries come within the contemplation of the no-fault act but plaintiff failed to state a claim under that act.

Affirmed.

NEGLIGENCE — INSURANCE — NO-FAULT INSURANCE — FAILURE TO STATE A CLAIM.

A plaintiff's negligence action is properly summarily dismissed where her injuries come within the contemplation of the no-fault automobile insurance act but she fails to allege facts

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

sufficient to state a claim upon which relief may be granted (MCL 500.3105, 500.3106; MSA 24.13105, 24.13106; MCR 2.116[C][8]).

*Williams, Klukowski, Drew & Fotieo, P.C.* (by *Stephen R. Drew*), for plaintiff.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for defendants.

Before: R. B. BURNS, P.J., and R. M. MAHER and F. D. BROUILLETTE,* JJ.

PER CURIAM. Plaintiff appeals from the summary disposition order entered by the Kent Circuit Court granting defendants' motion for summary disposition pursuant to MCR 2.116(C)(8) and dismissing plaintiff's complaint for failure to state a claim upon which relief could be granted.

Plaintiff sought damages for a personal injury she allegedly sustained as a result of a fall down the steps of a bus owned by defendant Grand Rapids Area Transit Authority (GRATA) and operated by its employee Doe. Specifically, plaintiff contended that, as she was alighting from GRATA Bus No. 67, she slipped on a plastic bag and fell backwards and down the remaining steps. Plaintiff alleged that her injuries were proximately caused by defendants' negligence in failing to remove debris from the bus.

GRATA answered plaintiff's complaint, denying any negligence on its part or on the part of its employee Doe, and further alleged that plaintiff's claim was barred by the applicable provisions of the Michigan no-fault act.

The trial judge issued an opinion from the bench finding that a fall while alighting from a bus is foreseeably identifiable with the normal use of the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

vehicle as a motor vehicle and, therefore, was within the contemplation of MCL 500.3106; MSA 24.13106. The trial court further found that plaintiff's injuries failed to meet the threshold requirements for a serious impairment of body function because they were not objectively manifested. Consequently, the trial judge concluded that plaintiff had failed to state a claim upon which relief could be granted. Accordingly, defendant's motion for summary disposition was granted.

Plaintiff's injuries fall within the no-fault act and, therefore, plaintiff failed to state a claim under the act if the criteria set forth in both MCL 500.3106; MSA 24.13106 and MCL 500.3105; MSA 24.13105 are met. Section 3106 provides that injuries sustained by a person alighting from a parked vehicle are compensable:

> (1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:
>
> *    *    *
>
> (c) Except as provided in subsection (2) for an injury sustained in the course of employment while loading, unloading, or doing mechanical work on a vehicle, the injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

Section 3105 provides that, to be compensable under the no-fault act, accidental bodily injury must arise out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle:

> (1) Under personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation,

maintenance or use of a motor vehicle as a motor
vehicle, subject to the provisions of this chapter.

Plaintiff's injuries meet the criteria set forth in
§§ 3105 and 3106. First, plaintiff sustained injuries
while she was alighting from a parked vehicle.
Although the term "parked" is not defined in the
no-fault act, this Court has indicated that "[p]ark-
ing is merely one form of stopping." *Bensinger v
Happyland Shows, Inc,* 44 Mich App 696, 702; 205
NW2d 919 (1973), lv den 389 Mich 794 (1973).
Plaintiff was injured as she was exiting from the
bus by the steps. The bus must have been stopped
in order for her to alight from it.

Second, plaintiff's injuries arose out of the use of
a motor vehicle as a motor vehicle. The trial court
found the case at bar to be similar to *Krueger v
Lumbermen's Mutual Casualty Co,* 112 Mich App
511; 316 NW2d 474 (1982). The fact that plaintiff's
injuries resulted from her slipping on debris which
accumulated on the bus, rather than from a defect
in the bus itself, is of no moment to this case. In
*Krueger,* the plaintiff was injured when he stepped
from a motor vehicle into a hole in the ground.

Just as plaintiff in the case at bar could have
tripped on debris in any stairwell, the plaintiff in
*Krueger* could have tripped on a pothole while
walking down the sidewalk. What was relevant in
*Krueger* is that the plaintiff tripped on a pothole
while alighting from a motor vehicle. Similarly,
what is relevant to the case at bar is that plaintiff
tripped on debris while using the bus as a motor
vehicle.

Next, plaintiff briefly raises the issue of whether
she suffered a serious impairment of body func-
tion. Plaintiff virtually admits that the trial court
properly dismissed her claim on this issue under
*Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22

(1982). She indicates that she wishes to preserve this issue in the event the state of the law on serious impairment changes. While we do not speculate on whether plaintiff has properly preserved this issue if the Supreme Court should at some time in the future modify the *Cassidy* decision, we do agree with the trial court that summary disposition on the serious impairment issue was appropriate.

Affirmed. Costs to defendants.