TATUM v GOVERNMENT EMPLOYEES INSURANCE COMPANY

Docket No. 80378. Argued March 8, 1988 (Calendar No. 5). Decided November 16, 1988. Rehearing denied *post,* 1212.

Calvin Tatum brought an action in the Wayne Circuit Court against the Government Employees Insurance Company, seeking no-fault personal protection benefits for injuries suffered as a result of an automobile accident while operating an automobile owned by the federal government. At the time of the accident, the plaintiff was on active duty with the United States Air Force and was the owner of an automobile not involved in the accident that was insured by the defendant. The Air Force paid the plaintiff's hospital expenses, and the plaintiff then sought additional benefits under his personal insurance policy with GEICO. GEICO refused to pay, invoking the mandatory set-off provision of § 3109(1) of the no-fault act. The plaintiff argued that the amounts paid by the federal government were "other health or accident coverage" under § 3109a of the act, and that because he had not been offered a coördinated policy for a reduced premium GEICO was not entitled to invoke the set-off provision. The court, Clarice Jobes, J., granted summary judgment for the plaintiff, ruling that while the medical benefits provided by the federal government were required to be set off under § 3109(1) of the no-fault act, because the plaintiff had not been offered the option of coördination of benefits, the defendant had forfeited the right to setoff. The Court of Appeals, BURNS, P.J., and WAHLS and THOMAS, JJ., reversed in an unpublished opinion per curiam reasoning that § 3109(1) mandated setoff and refusing to address whether military medical benefits were "other health and accident coverage" under § 3109a that could be coördinated with no-fault benefits at the option of an insured (Docket No. 70001). The plaintiff appeals.

In a unanimous opinion per curiam, the Supreme Court *held:*

Medical benefits paid by the federal government to a member of the armed forces pursuant to 10 USC 1071 *et seq.* for injuries suffered in an automobile accident constitute "other health and accident coverage" under § 3109a of the no-fault act. Where benefits of an insured fall within §§ 3109a and 3109(1), an insurer must offer a coördinated policy.

1. Section 3109(1) of the no-fault act provides that medical

benefits provided under the laws of any state or the federal government must be subtracted from personal protection benefits otherwise payable for the same injury. Military medical benefits provided by the federal government under 10 USC 1071 *et seq.* have been held to serve the same purpose as no-fault medical benefits, and, where they are provided as a result of the same accident, they are required to be subtracted from no-fault benefits otherwise payable.

2. Section 3109a of the no-fault act requires an insurer providing personal protection insurance benefits to offer appropriately reduced premium rates for coördination of benefits with other health and accident coverage of an insured. Military medical benefits provided under 10 USC 1071 *et seq.* are "other health and accident coverage" within the meaning of § 3109a, requiring the offer of a coördinated no-fault policy. Because in this case, such an offer was not made, the setoff mandated by § 3109(1) may not be employed.

Reversed.

*Lipton, Papista, Cohen & Alli, P.C.* (by *Shoms Alli*), for the plaintiff.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Mark E. Morley* and *Timothy F. Casey*) for the defendant.

Amicus Curiae:

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Martin & Schoolmaster* (by *Charles T. McCutcheon*); *(Gromek, Bendure & Thomas,* by *John A. Lydick,* of counsel) for Auto Club Insurance Association.

PER CURIAM.

### INTRODUCTION

In this case the plaintiff was involved in an automobile accident and was severely injured. At the time of the injury, plaintiff was a member of the armed forces on active duty and qualified for

federal military medical benefits pursuant to 10 USC 1071 *et seq.* He was also the owner of an automobile insured by the defendant, Government Employees Insurance Company (GEICO), and therefore qualified for no-fault insurance benefits. We are asked to decide whether the defendant is permitted to set off under MCL 500.3109(1); MSA 24.13109(1) of the no-fault act the medical benefits provided by the federal government. While not included in this Court's order granting leave to appeal, we are also asked to decide whether the federal benefits at issue constitute "other health and accident coverage" under MCL 500.3109a; MSA 24.13109(1), and, if so, whether the fact that the defendant failed to offer plaintiff coördination of his no-fault coverage requires nullification of the set-off provision of § 3109(1).

We hold that medical benefits paid pursuant to 10 USC 1071 *et seq.* constitute "other health and accident coverage" under the no-fault act. We further hold that when benefits of an insured fall within § 3109(1) and § 3109a of the act, an insurer must offer a coördinated policy.

The decision of the Court of Appeals reversing the trial court's order of partial summary judgment is reversed.

I

The plaintiff, Calvin Tatum, was involved in an automobile accident while operating a motor vehicle owned by the federal government. At the time of the accident, plaintiff was a member of the United States Air Force on active duty. The accident left him permanently paralyzed. He was hospitalized at Henry Ford Hospital from September 24, 1981, until October 5, 1981, at which time he was transferred to the Veteran's Hospital located in Cleveland, Ohio, where he remained until May 10, 1982.

Pursuant to 10 USC 1071 *et seq.*,[1] the United States Air Force paid $96,326.25 for plaintiff's hospital expenses. Thereafter, plaintiff filed suit against GEICO, alleging that because plaintiff was the registered owner of an automobile insured by GEICO on the date of the accident it was responsible for his hospital expenses.[2] After a period of discovery, plaintiff filed a motion for partial summary judgment against GEICO, alleging that amounts paid by the federal government were "other health or accident coverage" pursuant to § 3109a of the no-fault act. Plaintiff further alleged that because he was not offered a coördinated policy for a reduced premium GEICO was not entitled to invoke the set-off provision of § 3109(1).[3]

GEICO argued that plaintiff's federal benefits were subject to mandatory setoff under § 3109(1), making it irrelevant whether plaintiff was offered a coördinated policy. Further, GEICO argued that the record did not indicate that plaintiff had not, in fact, been offered a coördinated policy, but only that his policy did not contain a coördination provision. Finally, GEICO claimed that, in any

[1] See 10 USC 1074(a): "a member of a uniformed service who is on active duty is entitled to medical and dental care in any facility of any uniformed service."

[2] The federal government is not required to carry no-fault insurance on its automobiles and thus, plaintiff's primary claim was against his own no-fault insurer. Plaintiff also added the Travelers Insurance Company as a defendant by a first amended complaint because GEICO had disclaimed responsibility for plaintiff's claim, and Travelers was next in order of priority because it was the assigned insurer by the assigned claims facility. GEICO also filed a cross-claim against Travelers. Travelers filed a motion for summary judgment against plaintiff and GEICO which was granted by the trial court. The order was affirmed in the Court of Appeals and is not part of this appeal.

[3] The plaintiff filed an affidavit specifically averring that he did not pay a reduced premium reflecting coördinated coverage. The defendant failed to counter this claim with a responsive affidavit. Further, to certain requests for admissions filed by the plaintiff, the defendant admitted that plaintiff's policy did not contain a coördination of benefits clause, and that the plaintiff was not paying a reduced premium in return for a coördinated policy.

event, plaintiff's policy automatically reflected a lower premium rate by virtue of his military status.

The trial court ruled that the medical benefits provided under 10 USC 1074(a) were required to be set off under § 3109(1), but because plaintiff was not offered the option of coördination of benefits, GEICO had forfeited the right to setoff.

In an unpublished per curiam opinion, the Court of Appeals reversed the trial court's order, reasoning that § 3109(1) mandated the setoff claimed by GEICO. The Court specifically refused to address plaintiff's assertion that military medical benefits constitute "other health and accident coverage" under § 3109a that may be coördinated with no-fault benefits at the option of the insured. *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173; 301 NW2d 775 (1981).

Plaintiff's application for leave to appeal was held in abeyance for our decision in *Crowley v DAIIE,* 428 Mich 270; 407 NW2d 372 (1987). The decision in *Crowley* was limited to the question whether benefits paid pursuant to 10 USC 1071 *et seq.* were subject to setoff under § 3109(1) when the injured party was not the owner of the vehicle subject to coverage under the no-fault act. Thus, our decision in *Crowley* was not dispositive of the issues raised in this appeal. We granted leave to appeal. 429 Mich 857 (1987).

II

A

Section 3109(1) of the no-fault act provides:

Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protec-

tion insurance benefits otherwise payable for the injury.

In *Crowley, supra,* p 276, we concluded that medical benefits provided by the federal government under 10 USC 1071 *et seq.,* "serve the same purpose as no-fault medical benefits, and that such benefits are provided as a result of the same accident."[4] Consequently, such benefits "are required to be subtracted from no-fault benefits otherwise payable because they [are] benefits provided or required to be provided under the laws of this state or the federal government." *Crowley, supra,* p 275.

In this case, plaintiff was on active duty in the Air Force at the time of the accident and received benefits pursuant to 10 USC 1074. Those benefits would normally be set off from his personal protection insurance benefits payable under his no-fault policy with GEICO. Plaintiff argues, however, that § 3109a also applies in this instance and that because he was not offered the opportunity to coördinate his policy as mandated in that provision GEICO may not avail itself of the setoff provided by § 3109(1). We thus turn to that issue to consider whether § 3109a requires a different result.

B

Section 3109a of the no-fault act provides:

---

[4] See *Jarosz v DAIIE,* 418 Mich 565, 577; 345 NW2d 563 (1984):

We conclude that the correct test is: state or federal benefits "provided or required to be provided" must be deducted from no-fault benefits under § 3109(1) if they:
1) Serve the same purpose as the no-fault benefits, and
2) Are provided or are required to be provided as a result of the same accident.

> An insurer providing personal protection insurance benefits shall offer, at appropriately reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage on the insured. The deductibles and exclusions required to be offered by this section shall be subject to prior approval by the commissioner and shall apply only to benefits payable to the person named in the policy, the spouse of the insured and any relative of either domiciled in the same household.

Plaintiff's position is that this section was intended to modify § 3109(1) and that the two statutes must be read together. Plaintiff submits that because he was not offered coördination under § 3109a, the set-off provision of § 3109(1) is inoperable and defendant is liable to plaintiff for an amount equal to that paid for hospital expenses. To address this claim, we first must determine whether § 3109a is applicable in this instance.

C

The defendant argues that military medical benefits are not "other health and accident coverage" because § 3109a applies only to private health-care benefits. See *O'Donnell v State Farm Mutual Automobile Ins Co,* 404 Mich 524; 273 NW2d 829 (1979). In *LeBlanc,* this Court specifically rejected the claim that Medicare benefits were not health and accident coverage within the meaning of § 3109a, reasoning that the legislative history of § 3109a does not indicate an intent to differentiate between public and private benefits in furthering the purpose of reducing premiums commensurate with reduced coverage. Thus, in this instance, the claim that § 3109a is inapplicable must turn on another rationale.

The defendant further argues that the military

medical benefits involved in this case are unlike the Medicare benefits at issue in *LeBlanc,* and, therefore fall outside of the scope of § 3109a. We disagree. This Court has concluded that Blue Cross-Blue Shield benefits constitute "other health and accident coverage" under § 3109a. *Nyquist v Aetna Ins Co,* 84 Mich App 589, 592; 269 NW2d 687 (1978), aff'd 404 Mich 817; 280 NW2d 792 (1979). We reached the same conclusion as to Medicare benefits in *LeBlanc, supra.* Military medical coverage is similar to both Blue Cross-Blue Shield and Medicare in the sense that, in various forms, each is comprehensive coverage of eligible individuals for their medical and hospitalization costs. Further, Blue Cross-Blue Shield coverage, when provided through one's employer, can parallel that which is provided to active military personnel by the federal government under 10 USC 1071 *et seq.* We can perceive no rational basis for concluding that military medical benefits, which essentially serve the same purpose as Blue Cross-Blue Shield and Medicare benefits, are not "health and accident coverage" within the meaning of § 3109a.

In short, pursuant to § 3109(1), plaintiff's military medical benefits normally must be subtracted from his no-fault insurance benefits. Further, our resolution of *Nyquist* and our decision in *LeBlanc*[5] require the conclusion that plaintiff's military medical benefits constitute "other health and accident coverage" pursuant to § 3109a, requiring defendant to offer plaintiff a coördinated no-fault policy. The defendant has conceded that this did

[5] Were we writing on a clean slate, we might well conclude that only those benefits that are health and accident benefits directly financed by the insured are within the coverage of § 3109a. See separate opinion of RYAN, J., in *LeBlanc.* We are not. Moreover, although we are not bound to follow prior precedent if convinced it is incorrect, we are not convinced that *LeBlanc* was wrongly decided.

not occur. Therefore, as in *LeBlanc,* the setoff mandated by § 3109(1) may not be employed.

We recognize that our resolution of this case may provide a windfall to the insured if, as claimed by the defendant, the plaintiff purchased a policy with reduced premiums in light of his military status.[6] However, we are unable to conclude that this was a coördinated policy.[7]

We do not suggest that insurers must sell uncoördinated policies to parties who are eligible for § 3109(1)-type governmental benefits. However, § 3109a does modify § 3109(1) to the extent that the policy offered by insurers to such parties must be coördinated in the same manner as coördinated

---

[6] Defendant's Michigan Information and Option Form specifically provides:

> A special lower military Personal Injury Protection rate has been established which takes into consideration the benefits provided for military personnel. Therefore, neither the $300 deductible nor the coördination of benefits options described above may be selected by armed forces personnel.

However, nowhere in this form or in the defendant's policy is it stated the actual amount of this reduced premium or if it equals that which plaintiff would have received under a coördinated plan.

We note that under the Insurance Code a no-fault insurer is required to file with the Insurance Commissioner its rating plan, but that commissioner approval of that plan need not be obtained. See MCL 500.2105-500.2111; MSA 24.12105-24.12111.

[7] We recognize that the Commissioner of Insurance has issued guidelines for the implementation of § 3109a which include:

> "The act applies to commercial and personal automobile insurance, but to the extent commercial rates have already been reduced to take account of workmen's compensation benefits or other statutorily required benefits, no further reductions would be required." [*LeBlanc, supra,* p 219 (Levin, J., *dissenting*), quoting Bulletin AD 74-2 (issued as ED-1), April 15, 1974.]

Admittedly this guideline would suggest that § 3109a is satisfied by an automatic coördination plan as offered by defendant. However, § 3109a mandates that an insurer offer the insured a coördinated policy, as well as appropriately reduced premium rates to reflect the health and accident coverage on the insured. We cannot read this guideline to negate the plain language of § 3109a.

policies are offered to other purchasers who may have overlapping benefits.

### III

The decision of the Court of Appeals is reversed. The trial court's order granting partial summary judgment to plaintiff is reinstated.

RILEY, C.J., and LEVIN, BRICKLEY, CAVANAGH, BOYLE, ARCHER, and GRIFFIN, JJ., concurred.

LEVIN, J. I have signed the opinion of the Court but continue to adhere to the view expressed in dissent in *LeBlanc.*