UNITED SOUTHERN ASSURANCE COMPANY v AETNA LIFE & CASUALTY INSURANCE COMPANY

Docket No. 117975. Submitted November 6, 1990, at Detroit. Decided May 21, 1991, at 9:25 A.M.

United Southern Assurance Company and its insured, Parr Trucking Service, Inc., brought an action in the Oakland Circuit Court against Aetna Life & Casualty Insurance Company, seeking property protection insurance benefits pursuant to the no-fault act as a result of an accident in which an automobile insured by Aetna struck a tractor-trailer owned by Parr Trucking that was standing on the shoulder of an interstate highway. The court, David F. Breck, J., granted summary disposition for the plaintiffs, ruling that the tractor-trailer was parked at the time of the accident and that the plaintiffs were entitled to benefits under the parked vehicle exception of the no-fault act. The court subsequently denied the plaintiffs' request for attorney fees. The defendant appealed, and the plaintiffs cross appealed.

The Court of Appeals *held:*

The trial court did not err in determining that the tractor-trailer was parked for purposes of the no-fault act and that the defendant was not liable to pay the plaintiffs' attorney fees.

1. MCL 500.3121, 500.3123(1)(a); MSA 24.13121, 24.13123(1)(a) provide that the insurer of a moving vehicle which collides with a parked vehicle is obligated to pay property protection insurance benefits to the owner of the parked vehicle for damage to the vehicle and its contents where the vehicle was parked in such a manner as not to cause unreasonable risk of the damage which occurred. The trial court in this case, in determining that the tractor-trailer was parked, did not err in relying on MCL 257.38; MSA 9.1838, which provides that "parking" means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs. In determining that the tractor-

REFERENCES

Am Jur 2d, Automobile Insurance § 366.

See the Index to Annotations under No-Fault Insurance; Parked or Parking Vehicle.

trailer was parked in such a manner as not to cause unreasonable risk of the damage which occurred, the trial court properly rejected the defendant's contention that the tractor-trailer was necessarily parked in a risky manner because it was parked in violation of MCL 257.672; MSA 9.2372. The determination whether a parked vehicle creates an unreasonable risk of damage turns on the manner in which it is parked.

2. The trial court did not clearly err in determining that the defendant was not liable for the plaintiffs' attorney fees under MCL 500.3148; MSA 24.13148. The defendant had not unreasonably refused to pay the plaintiffs' claims in view of the legitimate question whether, for purposes of the parked vehicle exception of the no-fault act, the tractor-trailer was parked.

Affirmed.

INSURANCE — NO-FAULT — PROPERTY PROTECTION INSURANCE — PARKED VEHICLES.

The insurer of a moving vehicle that collides with a parked vehicle is obligated to pay property protection insurance benefits to the owner of the parked vehicle for damage to the vehicle and its contents where the vehicle was parked in such a manner as not to cause unreasonable risk of the damage which occurred (MCL 500.3121, 500.3123[1][a]; MSA 24.13121, 24.13123[1][a]).

*Harvey, Kruse, Westen & Milan, P.C.* (by *Thomas F. Kauza* and *William F. Rivard*), for the plaintiffs.

*Vandeveer Garzia* (by *Pamela L. Abbott*), for the defendant.

Before: REILLY, P.J., and WAHLS and DOCTOROFF, JJ.

PER CURIAM. Defendant appeals as of right an order granting summary disposition in favor of plaintiffs. Plaintiffs' claim arose out of an automobile accident. Defendant claims that the trial court erred in ruling that plaintiffs were entitled to recover property protection benefits under the parked vehicle exception of the no-fault act, MCL

500.3121; MSA 24.13121; MCL 500.3123; MSA 24.13123. Plaintiffs cross appeal the trial court's denial of their motion for attorney fees. We affirm.

The parties stipulated to the facts. On March 13, 1987, John Lindsey was the owner and operator of a truck tractor hauling a forty-five-foot flat trailer owned by Parr Trucking Service, Inc. At about 2:30 A.M., Lindsey pulled the tractor-trailer truck onto the shoulder of westbound I-96 near Wixom to read a map. There was no mechanical difficulty with the truck. Lindsey brought the truck to a stop, parallel to the solid white line marking the edge of the highway, and set the brakes of both the tractor and the trailer. The tires closest to the traveled portion of the highway were about eighteen inches from the solid white line. The headlights, cab lights, marker lights, emergency flasher lights, and brake lights were on, and the engine of the tractor was running.

The tractor-trailer truck was in this stationary position for approximately two minutes when Lindsay felt an impact at the rear of the trailer. Lindsey alighted from the cab and went to the back of the trailer, where he saw an automobile, insured by defendant, wedged under the trailer. Shortly thereafter, the automobile erupted into flames. The trailer was damaged by the impact and the fire. The cargo in the trailer was also damaged. An autopsy revealed that the blood alcohol level of the driver of the automobile was 0.19 percent.

United Southern Assurance Company, as insurer of Parr Trucking, paid $24,121.98 to Parr Trucking for the damage to its cargo and expended $3,168.39 in adjustment costs, mitigation costs, and expenses as a result of the damage caused by the vehicle insured by defendant. Parr Trucking incurred $5,000 in unreimbursed damage to its

trailer and $5,000 in unreimbursed damage to the cargo as a result of the impact and fire.

Plaintiffs made demands upon defendant for property protection benefits. Defendant denied plaintiffs' claim on the ground that the truck was not parked at the time of the collision and, therefore, did not qualify under the parked vehicle exception. Alternatively, defendant denied the claim on the ground that, if parked, the truck was not parked in a manner as not to cause unreasonable risk of the damage which occurred.

On February 11, 1988, plaintiffs filed this action, seeking to recover no-fault property protection benefits. On January 23, 1989, plaintiffs filed a motion for summary disposition pursuant to MCR 2.116(C)(9) and (10). The trial court granted summary disposition in favor of plaintiffs, ruling that the truck was parked. In ruling that the truck was parked for purposes of the parked vehicle exception of the no-fault act, MCL 500.3123(1)(a); MSA 24.13123(1)(a), the trial court applied the definition of "parking" found in § 38 of the Vehicle Code, MCL 257.38; MSA 9.1838. The trial court also ruled that the truck was parked so as not to cause an unreasonable risk of the damage which occurred at the time of the accident.

Plaintiffs' subsequent motion for attorney fees was denied by the trial court.

Defendant first claims that the trial court erred in applying the definition of "parking" found in § 38 of the Vehicle Code in determining that the truck was parked for purposes of the parked vehicle exception in § 3123 of the no-fault act.

Under §§ 3121 and 3123(1)(a) of the no-fault act, the insurer of a moving vehicle which collides with a parked vehicle is obligated to pay, without regard to fault, property protection insurance benefits to the owner of the parked vehicle for damage

to the vehicle and its contents. *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139, 150; 324 NW2d 1 (1982).

The term "parked" is not defined in the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* The trial court relied on the definition of "parking" found in § 38 of the Vehicle Code in determining that the truck was parked. Section 38 provides:

> "Parking" means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs.

Generally, a word in a statute is to be given its plain and ordinary meaning. *Foster v Stein,* 183 Mich App 424, 427; 454 NW2d 244 (1990). Dictionary definitions are appropriate in interpreting a statute. *Id.* "Park" is defined in *Webster's New Collegiate Dictionary* (1974) as "to bring to a stop and keep standing at the edge of a public way." The definition of "parking" in the Vehicle Code and the dictionary definition of "park" are practically equivalent. We, therefore, find that the trial court did not err in ruling that "parking means standing." We agree with the trial court that, for purposes of § 3123, a vehicle is parked when it has been brought to a stop and is standing at the edge of a highway. This Court has previously held that parking is a form of stopping. *Bensinger v Happyland Shows, Inc,* 44 Mich App 696, 702; 205 NW2d 919 (1973); *Harris v Grand Rapids Area Transit Authority,* 153 Mich App 829, 832; 396 NW2d 554 (1986). A vehicle that is stopped and is standing at the edge of a highway in a manner so as to avoid conflict with other traffic is like any other stationary object such as a tree, signpost, or boulder. In the instant case, the truck was stopped on the

shoulder of the road with its tires eighteen inches away from the traveled portion of the highway and its brakes set. We agree with the trial court that the truck was parked and conclude that the trial court did not err in relying on the definition of "parking" in § 38 of the Vehicle Code.

Defendant next argues that the truck was parked in a manner so as to cause an unreasonable risk of the damage which occurred because the truck was parked on the shoulder of a limited access highway. Defendant cites MCL 257.672; MSA 9.2372 in support, asserting that the statute prohibits stopping, parking, or standing on the paved or unpaved portion of a limited access highway, except in cases of emergency or mechanical difficulty. MCL 257.672; MSA 9.2372 provides in relevant part:

> (1) Outside of the limits of a city or village, a vehicle shall not be stopped, parked, or left standing, attended or unattended, upon the paved or main traveled part of the highway, when it is possible to stop, park, or to leave the vehicle off the paved or main traveled part of the highway. Inside or outside of the limits of a city or village, a vehicle shall not be stopped, parked, or left standing, attended or unattended, upon the paved or unpaved part of a limited access highway, except in an emergency or mechanical difficulty.

Plaintiffs argue that under MCL 257.59a; MSA 9.1859(1), the shoulder of the highway is designed for the temporary accommodation of stopped vehicles and that a vehicle is not parked so as to create an unreasonable risk of a rear end collision merely because it is stopped on the shoulder of a limited access highway. MCL 257.59a; MSA 9.1859(1) provides:

> "Shoulder" means that portion of the highway

contiguous to the roadway generally extending the contour of the roadway, not designed for vehicular travel but maintained for the temporary accommodation of disabled or stopped vehicles otherwise permitted on the roadway.

Where the facts are undisputed, the determination of whether a vehicle was parked in such a way as to cause an unreasonable risk of the damage which occurred is a matter of law. See *Autry v Allstate Ins Co,* 130 Mich App 585, 591-592; 344 NW2d 588 (1989) (where the facts are undisputed, the determination whether a vehicle was parked in such a way as to cause an unreasonable risk of the bodily injury which occurred within the meaning of § 3106[1][a] is an issue of statutory construction for the court).

Defendant argues that the shoulders of a highway are designed as safety lanes which must be kept clear of vehicular obstacles. Defendant's argument requires that a distinction be drawn between vehicles stopped, parked, or standing on the shoulder of a highway because of an emergency or mechanical difficulty and vehicles stopped, parked, or standing on the shoulder of a highway for other reasons. We do not believe that a determination of whether a parked vehicle creates an unreasonable risk of damage depends upon such a distinction. The unambiguous language of § 3123(1)(a) provides that the owner of a vehicle which "is parked in a manner as not to cause unreasonable risk of the damage which occurred" is entitled to recover property protection benefits. Therefore, we find that the determination whether a parked vehicle creates an unreasonable risk of damage turns on the manner in which it is parked. Accordingly, even if the truck were parked on the shoulder in violation of MCL 257.672; MSA 9.2372, such a

violation would not be a basis for concluding that the truck was parked so as to create an unreasonable risk of the damage which occurred.

The stipulated facts establish that the truck was parked eighteen inches from the traveled portion of the highway, with its lights and flashers on. Accordingly, we find that the trial court properly ruled that the truck was not parked in a manner so as to cause an unreasonable risk of the damage which occurred. The grant of summary disposition to plaintiffs is affirmed.

In their cross appeal, plaintiffs claim that the trial court erred in denying their motion for attorney fees under § 3148 of the no-fault act, MCL 500.3148; MSA 24.13148, because defendant unreasonably refused to pay plaintiffs' claim for property protection benefits.

Section 3148 of the no-fault act provides in relevant part:

> (1) An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment.

A refusal or delay in payment by an insurer will not be found unreasonable within the meaning of § 3148 where the delay is the product of a legitimate question of statutory construction, constitutional law, or a bone fide factual uncertainty. *Gobler v Auto-Owners Ins Co,* 428 Mich 51, 66; 404 NW2d 199 (1987); *Conway v Continental Ins Co,* 180 Mich App 447, 451; 447 NW2d 761 (1989). A trial court's finding of unreasonable refusal or

delay will not be reversed on appeal unless it is clearly erroneous. *Conway,* 451-452.

The trial court found that defendant's refusal to pay property protection benefits was not unreasonable. This finding is not clearly erroneous. There was a legitimate question of statutory construction concerning the meaning of the word "parked" as used in § 3123(1)(a). In addition, there was a legitimate question regarding whether the truck was "parked in a manner as not to cause unreasonable risk of the damage which occurred" under § 3123(1)(a). Therefore, we find that the trial court properly denied plaintiffs' motion for attorney fees.

Affirmed.