DeMEGLIO v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 147586. Submitted June 2, 1993, at Detroit. Decided November 2, 1993, at 9:10 A.M. Leave to appeal sought.

Susan DeMeglio, as next friend of Marisa DeMeglio, a minor, brought an action in the Oakland Circuit Court against Auto Club Insurance Association, seeking benefits under a no-fault insurance policy. Marisa, a resident of Pennsylvania, was injured while visiting Michigan when she was struck by an automobile. The defendant provided no-fault insurance coverage to the owner of the automobile. Marisa received $10,000 in medical benefits under a no-fault policy issued to her parents under Pennsylvania law by State Farm Mutual Automobile Insurance Company. The defendant refused to pay any benefits to Marisa not in excess of the $10,000 medical benefit paid by State Farm. The court, Alice L. Gilbert, J., granted summary disposition for the plaintiff, finding that the defendant was not entitled to set off under § 3109 of the no-fault act, MCL 500.3109; MSA 24.13109, the medical benefits paid under the State Farm policy, because the benefits were not government benefits within the meaning of § 3109. The court also held that the plaintiff was not entitled to interest or attorney fees. The defendant appealed, and the plaintiff cross appealed.

The Court of Appeals *held:*

1. The court properly found that the defendant was not entitled to set off the amount paid under the Pennsylvania policy. Payments by a private insurance company for medical expenses made pursuant to an automobile insurance contract issued under the laws of another state are not benefits as that term is used in § 3109 and, therefore, may not be set off under that section. Duplicate coverage is permitted where, as in this case, a setoff is not mandated by statute.

2. The court did not err in denying the plaintiff's request for attorney fees. The court's finding that there was no unreason-

REFERENCES

Am Jur 2d, Automobile Insurance § 368.
Combining or "stacking" of "no fault" or personal injury protection (PIP) coverages in automobile liability policy or policies. 29 ALR4th 12.

able delay in the defendant's payment of benefits is not clearly erroneous.

3. The court erred in denying the plaintiff interest on the overdue benefits, pursuant to MCL 500.3142; MSA 24.13142, and on the judgment, pursuant to MCL 600.6013; MSA 27A.6013. The order must be reversed with regard to the denial of the plaintiff's request for interest and the case remanded for entry of an order awarding the plaintiff interest.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — NO-FAULT — SETOFFS — GOVERNMENT BENEFITS.

Payments by a private insurance company for medical expenses resulting from an automobile accident made pursuant to an automobile insurance contract issued under the laws of another state are not benefits provided or required to be provided under the laws of any state or the federal government and may not be set off from the personal protection insurance benefits otherwise payable for the injury (MCL 500.3109; MSA 24.13109).

2. INSURANCE — NO-FAULT — SETOFFS.

Although elimination of duplication of benefits is a goal of the provision of the no-fault act mandating the setting off of certain benefits, duplicate coverage is permissible where a setoff is not mandated by the statute (MCL 500.3109; MSA 24.13109).

*Bogosian, Semaan & Strayer, P.C.* (by *John P. Strayer*), for the plaintiff.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Jeffrey A. Oakes*) (*Nancy L. Bosh*, of Counsel), for the defendant.

Before: WEAVER, P.J., and MURPHY and JANSEN, JJ.

PER CURIAM. Defendant appeals from an order of the Oakland Circuit Court granting plaintiff's motion for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff cross appeals from the same order denying plaintiff interest and attorney fees. We affirm in part and reverse in part.

Plaintiff, a minor, was injured when her bicycle was struck by an automobile. Plaintiff, a resident

of Pennsylvania, was visiting her grandparents in Michigan at the time of the accident. Plaintiff received $10,000 in medical benefits under a no-fault policy issued to her parents under Pennsylvania law by State Farm Mutual Automobile Insurance Company. Defendant provided no-fault insurance coverage to the owner of the automobile. With respect to plaintiff's claim, defendant refused to pay any benefits to plaintiff not in excess of the $10,000 medical benefit paid by State Farm.

Plaintiff brought this action, and eventually moved for summary disposition pursuant to MCR 2.116(C)(10), contending that defendant was not entitled to set off under § 3109 of the no-fault act, MCL 500.3109; MSA 24.13109, the amount paid under the Pennsylvania policy. The circuit court granted plaintiff's motion, holding that defendant was not entitled to set off under § 3109 the medical benefits received by plaintiff because those benefits were not government benefits within the meaning of § 3109. The circuit court further held that plaintiff was not entitled to interest or attorney fees.

Defendant contends that the circuit court incorrectly determined that defendant was not entitled to set off the amount paid under the Pennsylvania policy pursuant to § 3109. We agree with the circuit court that payments by a private insurance company for medical expenses made pursuant to an automobile insurance contract issued under the laws of another state are not benefits as that term is used in § 3109 and, therefore, may not be set off under that section. Section 3109 provides, in pertinent part:

> (1) Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

This section has been given a restrictive interpretation. In *LeBlanc v State Farm Mutual Automobile Ins Co,* 410 Mich 173, 190; 301 NW2d 775 (1981), our Supreme Court held that § 3109 encompasses government benefits that serve the same purpose as no-fault benefits and are paid as a result of the same accident. See also *Jarosz v DAIIE,* 418 Mich 565, 577; 345 NW2d 563 (1984). The benefits paid by State Farm in this case serve the same purpose and arise from the same accident, but are not state-mandated government benefits.

Section 3109 contemplates benefits arising from a "collateral governmental source." *LeBlanc, supra,* 202. Government benefits that must be set off under § 3109 include social security disability benefits, *Profit v Citizens Ins Co of America,* 444 Mich 281, 284, 288; 506 NW2d 514 (1993), social security survivors' loss benefits, Michigan workers' compensation benefits, and federal military medical benefits. See *id.,* 286-288; *Tatum v Government Employees Ins Co,* 431 Mich 663, 668; 431 NW2d 391 (1988); *LeBlanc, supra,* 190. While some of these benefits, such as workers' compensation benefits, do not involve the state as a payor, the feature that these benefits all have in common is that they are not directly financed by the beneficiary. By contrast, no-fault benefits payable pursuant to a private contract of insurance purchased by the insured are simply not government benefits as defined in *LeBlanc.* Defendant argues that this results in plaintiff receiving duplicate benefits. While eliminating duplication of benefits is a goal of § 3109, *Popma v Auto Club Ins Ass'n,* 199 Mich App 653, 658; 502 NW2d 378 (1993), our Supreme Court permits duplicate coverage to stand where a setoff is not mandated by the statute. See *LeBlanc, supra; Tatum, supra; Jarosz, supra,* 585.

Plaintiff cross appeals, contending that the trial court erred in denying plaintiff attorney fees pursuant to MCL 500.3148; MSA 24.13148. The circuit court denied plaintiff attorney fees, finding that there was not an unreasonable delay in defendant's payment of benefits. Because we cannot say that the circuit court's finding is clearly erroneous, we will not set aside the finding. *United Southern Assurance Co v Aetna Life & Casualty Ins Co,* 189 Mich App 485, 492-493; 474 NW2d 131 (1991).

Plaintiff also contends that the circuit court erred in denying plaintiff interest on overdue benefits pursuant to MCL 500.3142; MSA 24.13142 and on the judgment pursuant to MCL 600.6013; MSA 27A.6013. Defendant agrees that, if plaintiff is entitled to the judgment, she is also entitled to interest pursuant to those sections. We also agree.

The order of the circuit court is reversed to the extent that plaintiff was denied interest and remanded for entry of an order awarding plaintiff interest. In all other respects, the order is affirmed.