AUTO-OWNERS INSURANCE COMPANY v PERRY

Docket No. 186678. Submitted November 12, 1996, at Lansing. Decided April 15, 1997, at 9:10 A.M. Leave to appeal sought.

Auto-Owners Insurance Company brought an action in the Lapeer Circuit Court against Betty Perry, seeking reimbursement of that portion of survivor benefits that it had paid under a no-fault insurance policy for which it allegedly had a right to offset social security benefits that had been paid. Michael Campbell, the plaintiff's insured and the defendant's former husband, died as the result of injuries sustained in an automobile accident. The defendant sought survivor benefits on behalf of Campbell's children. The plaintiff, while expressing its belief that it was entitled to offset against its liability for survivor benefits social security benefits received by the children, made a lump sum payment and made monthly payments without taking an offset for the social security benefits because of the decision in *Profit v Citizens Ins Co of America*, 187 Mich App 55 (1991), while reserving the right to seek reimbursement of any offset for social security benefits to which it would be entitled if the Supreme Court reversed the decision of the Court of Appeals in *Profit*. When the Supreme Court reversed that decision of the Court of Appeals in *Profit v Citizens Ins Co of America*, 444 Mich 281 (1993), reaffirming its holding in *O'Donnell v State Farm Mutual Automobile Ins Co*, 404 Mich 425 (1979), that social security survivor's benefits are required to be subtracted as an offset from no-fault survivor's benefits, the plaintiff demanded reimbursement of its overpayment of no-fault survivor benefits. When the defendant refused to reimburse to the plaintiff the amount of the social security benefits that the children had received, the plaintiff commenced its action. The plaintiff moved for summary disposition. The court, Nick O. Holowka, J., denied summary disposition for the plaintiff. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

1. The defendant concedes that, under the Supreme Court's holding in *Profit*, the plaintiff is entitled to a reimbursement, but claims that the reimbursement should be only for those overpayments that were made after the date of the Supreme Court's decision in *Profit*, September 23, 1993.

2. As a general rule, appellate decisions apply retroactively. However, prospective application of a rule of law is usually preferred if an issue of first impression has been announced. In this case no new rule of law was announced by the Supreme Court in *Profit*, but, rather, the Court, in reversing the decision of the Court of Appeals, merely reaffirmed its prior holding in *O'Donnell*. Accordingly, the Supreme Court's holding in *Profit* need not be limited to having prospective effect only, and the plaintiff is entitled to a reimbursement of all its payments it was entitled to offset against its liability for social security survivor benefits paid to the children.

3. The record does not support the assertion that the plaintiff intended to be bound by the holding of the Court of Appeals in *Profit*. Indeed, the contrary intent was shown by correspondence from the plaintiff that it believed that the Court of Appeals had incorrectly decided *Profit* and that it intended to seek reimbursement if the decision of the Court of Appeals was overturned.

Reversed and remanded

APPEAL — RETROACTIVE APPLICATION OF DECISIONS — PROSPECTIVE — NEW RULES OF LAW.

Appellate decisions, as a general rule, apply retroactively; however, prospective application of a rule of law is usually preferred if an issue of first impression has been announced.

*Anselmi & Mizerowskii, P.C.* (by *Timothy W. Mizerowski*), for the plaintiff.

*Michael J. Kelly*, for the defendant.

Before: SAAD, P.J., and GRIFFIN and M. H. CHERRY*, JJ.

SAAD, P.J. Pursuant to its no-fault automobile policy, plaintiff insurer paid survivor's loss benefits to defendant's children, without offsetting social security benefits received by the children. However, plaintiff reserved the right to seek reimbursement of such offsets if the Michigan Supreme Court reversed a Court of Appeals decision that had placed in doubt the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

insurer's right to make such offsets. Thereafter, the decision was indeed reversed, and plaintiff thus claimed a right to reimbursement. The trial court denied plaintiff's motion for summary disposition, plaintiff appealed by leave granted, and we reverse and remand.

I

FACTS

Michael Campbell, who was insured by plaintiff, died as a result of injuries sustained in a car accident in October 1991. Defendant (Michael's ex-wife) filed a claim for survivor's benefits on behalf of their three children. On September 22, 1992, one of plaintiff's claims representatives sent the following letter to defendant's counsel:

> It is the position of Auto-Owners that Auto-Owners is entitled to offset Social Security Benefits received by Mr. Campbell's children pursuant to MCLA 500.3109(1); [MSA 24.13109(1)] from No-Fault Benefits owed. Auto-Owners has not and is not currently offsetting No-Fault Benefits as a result of the Michigan Court of Appeals decision in *Profit v Citizens [Ins Co of America,]* 187 [Mich App 55; 466 NW2d 354 (1991)] (leave granted June 1, 1992).
>
> In the event that the Supreme Court reverses the Court of Appeals holding in *Profit* Auto-Owners claims a lien for the amount that Auto-Owners would have been entitled to offset, and Auto-Owners intends to seek reimbursement for that offset.

In late 1992, plaintiff made a lump sum payment to defendant for "tangible things of economic value" and began making monthly payments to defendant that equaled eighty-five percent of the child support that Michael had been paying.

On February 4, 1994, plaintiff sent a second letter to defendant and her attorney, requesting reimbursement:

> We had not been taking a Social Security offset for survivor's loss benefits provided as a result of Michael Campbell's demise. We did not take an offset based on the Michigan Court of Appeals's [sic] decision in *Profit v Citizens*. However, we did place you on notice through your attorney by letter of September 22, 1992 that in the event the Supreme Court reverses the Court of Appeals' decision in *Profit v Citizens*, Auto-Owners Insurance Company would claim a lien for the amount that Auto-Owners would have been entitled to offset. I have been informed that the Michigan Supreme Court overturned the Court of Appeals' decision in *Profit v Citizens*, allowing for an offset for Social Security disability and survivor's loss benefits from Michigan wage loss and survivor benefits.
>
> As a result of the Michigan Supreme Court decision, we have made an overpayment of $20,626.75 in survivor's loss benefits. . . . [C]rediting "other tangible things of economic value" otherwise owed for the remainder of the three years against the overpayment still leaves an overpayment amount of $17,826.75.

When defendant failed to reimburse plaintiff, plaintiff sued. The trial court denied plaintiff's MCR 2.116(C)(9) and (10) motions for summary disposition, finding that plaintiff did not make a "mistake" in overpaying defendant and that there was no other basis upon which defendant agreed to repay the funds. We reverse, though on different grounds.

II

DISCUSSION

MCL 500.3109(1); MSA 24.13109(1) provides:

> Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury.

In 1979, the Michigan Supreme Court held that social security survivor benefits are required to be subtracted from no-fault payments under the statute. *O'Donnell v State Farm Mutual Automobile Ins Co*, 404 Mich 524, 538; 273 NW2d 829 (1979). However, in 1991, this Court raised a question about the propriety of such offsets by deciding *Profit, supra*. The plaintiff in *Profit* had an uncoordinated insurance policy[1] that did not permit coordination of any benefits except government benefits, and he argued that his social security disability payments should not be offset from his no-fault benefits. In spite of the plain language of § 3109(1), this Court agreed with the plaintiff on the basis of the reasoning of two Michigan Supreme Court decisions[2] and concluded that there could be

---

[1] An uncoordinated no-fault policy requires the insurer to pay all benefits regardless of whatever other insurance the insured may have and receive. See *Smith v Physician's Health Plan*, 444 Mich 743, 747; 514 NW2d 150 (1994). A coordinated policy entitles the insurer to pay benefits in coordination with other coverage. *Id.*

[2] Both *Tatum v Government Employees Ins Co*, 431 Mich 663; 431 NW2d 391 (1988), and *LeBlanc v State Farm Mutual Automobile Ins Co*, 410 Mich 173; 301 NW2d 775 (1981), interpreted § 3109(1) and MCL 500.3109a; MSA 24.13109(1), which provides, in part:

> An insurer providing personal protection insurance benefits *shall offer*, at appropriately *reduced premium rates, deductibles and exclusions reasonably related to other health and accident coverage* on the insured. [Emphasis added.]

In *LeBlanc*, the Court held that Medicare benefits were "other health and accident coverage" under the statute and that there could be no setoff of Medicare benefits from no-fault benefits if the insured was not given the option to pay a reduced premium in recognition of his ability to coordinate the two. *LeBlanc, supra* at 186-187. In *Tatum*, the Court held that

no offset because "the defendant insurer failed to offer to the plaintiff a policy of no-fault insurance which would *not* coordinate this governmental benefit." *Profit, supra* at 57.

In September 1993, the Supreme Court reversed *Profit,* holding that despite the plaintiff's election to purchase an uncoordinated policy for work-loss benefits, the insurer was entitled to subtract social security disability benefits pursuant to § 3109(1). *Profit v Citizens Ins Co of America,* 444 Mich 281, 284; 566 NW2d 514 (1993). The Supreme Court reaffirmed its holding in *O'Donnell* that social security survivors' benefits are required to be subtracted as an offset from no-fault benefits. *Profit, supra,* 444 Mich 288.

In light of this history of Michigan case law concerning the type of offsets at issue here, we conclude that the trial court erred in denying plaintiff's motion for summary disposition. Plaintiff is entitled to reimbursement. On the date plaintiff made its initial lump sum payment and during a portion of the period it made monthly payments of survivor benefits to defendant, the Supreme Court had not yet reversed *Profit.* Believing that it had a right to offset, plaintiff nevertheless took a conservative approach and made payments without taking the offset. However, it reserved the right to later collect the amounts overpaid if the Supreme Court reaffirmed its *O'Donnell* holding by reversing *Profit.* Defendant and her counsel were aware of plaintiff's reservation of its rights regarding the offsets and acquiesced in this arrangement when she cashed the checks sent to her by

---

federal military medical benefits were "other health and accident coverage" under the statute and that there could be no setoff unless the insured was offered a coordinated policy. *Tatum, supra* at 665.

plaintiff. See *Shaw v United Motors Products Co*, 239 Mich 194, 196; 214 NW 100 (1924); *Glass v Harvest Life Ins Co*, 168 Mich App 667; 425 NW2d 107 (1988); *DMI Design Mfg, Inc v ADAC Plastics, Inc,.* 165 Mich App 205; 418 NW2d 386 (1987).

Defendant concedes that a reimbursement is owed; however, she contends that reimbursement should only be made from the date the Supreme Court reversed *Profit*, September 29, 1993. In other words, defendant essentially contends that *Profit* should be applied prospectively, not retrospectively. We disagree.

As a general rule, appellate decisions in this state apply retroactively. *In re Hill*, 221 Mich App 683; 562 NW2d 254 (1997). However, prospective application of a rule of law is usually preferred if an issue of first impression has been announced. *Line v Michigan*, 173 Mich App 720, 723; 434 NW2d 224 (1988).

The statute regarding the offsets in issue, MCL 500.3109(1); MSA 24.13109(1), became effective in 1973. In 1979, the Supreme Court in *O'Donnell* affirmed that this statute required setoff of social security survivor benefits. By reversing *Profit* in 1993, the Supreme Court did not issue a new rule of law. Instead it *reversed* the decision of this Court and *reaffirmed* the 1979 rule of *O'Donnell*. Therefore, the law at the time plaintiff paid the benefits (without subtracting the social security offset) permitted plaintiff to make the offsets in issue and accordingly an offset is appropriate from the date of the first payments.

Defendant's alternative argument is that the law as enunciated by the Court of Appeals in *Profit, supra,* 187 Mich App 55, governs this case because plaintiff's

agent bound plaintiff to the terms of this Court's decision. This argument is premised upon incorrect facts. Plaintiff never indicated that it intended to be bound by the Court of Appeals decision in *Profit*; to the contrary, plaintiff's letter indicated that it believed that the Court of Appeals had incorrectly decided *Profit* and that *Profit* would be overturned.

We do note that while plaintiff is correct that it is entitled to a reimbursement for all payments made in excess of those owed, plaintiff's theory that it paid based on a "mistake" is incorrect. Here, plaintiff was fully aware of all the facts and legal issues. It chose to pay and later seek reimbursement and defendant chose to accept payments knowing that plaintiff might later exercise that right if the Supreme Court overruled the Court of Appeals.

Plaintiff is entitled to offset the amount of social security survivor payments from its no-fault payments and is, to that extent, entitled to receive reimbursement from defendant. The circuit court's decision is hereby reversed, and this matter is remanded to the circuit court for entry of a judgment for plaintiff that is consistent with this decision. We do not retain jurisdiction.

Reversed and remanded.