WALKER v FARMERS INSURANCE EXCHANGE

Docket No. 193387. Submitted April 16, 1997, at Grand Rapids. Decided
October 21, 1997, at 9:00 A.M.

Tammy A. Walker brought an action in the Berrien Circuit Court
against Farmers Insurance Exchange, seeking a declaration regard-
ing the defendant's obligation to pay no-fault personal protection
insurance benefits for medical expenses to be incurred by the
plaintiff in the future. In a prior action the plaintiff brought against
the defendant for no-fault benefits, the defendant had agreed to pay
benefits for medical expenses but not for wage loss. Trial on the
wage-loss claim had culminated in a jury verdict of no cause of
action and an award by the court to the defendant for its attorney
fees as a sanction against the plaintiff for her rejection of an offer
to stipulate the entry of a judgment. In the action for declaratory
judgment, the defendant did not dispute its liability for the plain-
tiff's future medical expenses, but argued that it was entitled to off-
set any benefits for such expenses against the plaintiff's liability to
the defendant for the offer-of-judgment sanctions. The court, Ron-
ald J. Taylor, J., entered a declaratory judgment in favor of the
plaintiff, finding that the defendant must pay future personal pro-
tection insurance benefits for medical expenses without a setoff for
the plaintiff's liability for offer-of-judgment sanctions. The defend-
ant appealed, claiming that the trial court erred in denying the
requested setoff.

The Court of Appeals *held*:

Setoff is a legal or equitable remedy by which each of two par-
ties that owe money to the other deducts from its obligation to the
other the debt owed to it by the other. Generally, absent a statutory
mandate authorizing a setoff, setoff is a matter in equity. Here, set-
offs allowed under the no-fault act, MCL 500.3101 *et seq.*; MSA
24.13101 *et seq.*, against personal protection insurance benefits for
prevention of duplicative recovery and for reasonable attorney fees
incurred by an insurer in defending against fraudulent, excessive,
or unreasonable claims do not apply. Equity does not favor a setoff
in this case because a setoff would be at odds with the goals and
objectives of the no-fault act of providing assured, adequate, and
prompt reparation for losses and because the inequity of allowing a
setoff is readily apparent, given the plaintiff's inability to pay for

treatment that would allow her to work and, hence, pay the offer-of-judgment sanctions.

Affirmed.

INSURANCE — NO-FAULT — PERSONAL PROTECTION INSURANCE BENEFITS — SET-OFFS FOR UNRELATED JUDGMENTS.

A no-fault insurer may not offset against its obligation to pay personal protection insurance benefits to a person any debt owed to it by the person under a judgment that is unrelated to the benefits.

*Rebecca B. Sanford,* for the plaintiff.

*Cholette, Perkins & Buchanan* (by *William E. McDonald, Jr.,* and *Robert E. Attmore*), for the defendant.

Before: GRIFFIN, P.J., and DOCTOROFF and MARKMAN, JJ.

GRIFFIN, P.J. Defendant appeals as of right a declaratory judgment entered in favor of plaintiff. We affirm and hold that a no-fault automobile insurance carrier may not offset from its obligation to pay personal protection insurance benefits (PIP) a judgment against its insured that is unrelated to such insurance benefits.

I

Plaintiff was injured in May 1991 when she slipped and fell from a vehicle insured by defendant. In December 1992, plaintiff sued defendant for nonpayment of no-fault medical and wage-loss benefits. Approximately one week before trial, defendant agreed to pay plaintiff's outstanding medical expenses. Thereafter, a trial was conducted on plaintiff's claim for wage loss. On this remaining claim, the jury returned a verdict of no cause of action. Subsequently, the trial court ordered plaintiff to pay defend-

ant $8,629.12, plus interest, as an offer-of-judgment sanction pursuant to MCR 2.405.

In 1995, plaintiff filed the present action, requesting a declaratory judgment regarding defendant's obligation to pay future accident-related medical expenses. Plaintiff claims that she is in need of knee and back surgery as a consequence of the automobile accident. Although not disputing its obligation to pay PIP benefits to the plaintiff, defendant argued in the circuit court and on appeal that it is entitled to offset against its obligation to pay plaintiff's PIP benefits for medical expenses the full amount of its judgment against plaintiff. In the lower court, plaintiff filed an affidavit claiming that, because she is indigent and her injury precludes her from working, she will "be forever unable to obtain necessary medical treatment and supplies to enable [her] to return to work" unless defendant agrees to pay her medical expenses without a setoff.

The lower court denied defendant's motion for summary disposition and entered a declaratory judgment in plaintiff's favor. The judgment directs defendant to pay all reasonable medical expenses related to plaintiff's May 1991 automobile accident without regard to a setoff. It further provides that plaintiff must notify defendant when she becomes employed and that plaintiff must satisfy the previous judgment "when she becomes employed after having been furnished appropriate medical treatment for her injuries." In ruling in plaintiff's favor, the circuit court reasoned that conditioning defendant's obligation to pay no-fault benefits on plaintiff's ability to pay the outstanding judgment debt would frustrate the policy of the no-fault act of assuring prompt payment of rea-

sonably necessary medical benefits without regard to fault.

II

As an issue of first impression, defendant argues that the lower court committed error requiring reversal by refusing to offset plaintiff's judgment debt from defendant's obligation to pay plaintiff's PIP medical benefits. We disagree.

Michigan's no-fault automobile insurance scheme generally obligates insurers to compensate injured parties for losses arising from motor vehicle accidents without regard to the injured party's fault or negligence, MCL 500.3105(2); MSA 24.13105(2), MCL 500.3114(1); MSA 24.13114(1). *Belcher v Aetna Casualty & Surety Co*, 409 Mich 231, 240; 293 NW2d 594 (1980); *Shavers v Attorney General*, 402 Mich 554, 578-579; 267 NW2d 72 (1978). Such benefits are intended to substitute for an injured person's common-law remedy in tort, MCL 500.3135; MSA 24.13135. *Shavers, supra* at 579. The basic goal of our no-fault system is to ensure persons injured in motor vehicle accidents of "assured, adequate and prompt reparation for certain economic losses." *Id.* at 578-579; see also *Nelson v Transamerica Ins Services*, 441 Mich 508, 514; 495 NW2d 370 (1992); *Kitchen v State Farm Ins Co*, 202 Mich App 55, 58; 507 NW2d 781 (1993). The no-fault insurance act was intended to provide prompt monetary relief for losses sustained in vehicular accidents at the lowest cost to the system and the individual. *Dolson v Secretary of State*, 83 Mich App 596, 597; 269 NW2d 239 (1978). In light of such goals and its remedial nature, the no-

fault act should be construed in a reasonable fashion consistent with the Legislature's intent:

> The Court is bound by a number of rules of statutory construction when it interprets statutes. Although the proper construction of any statute is for the courts, . . . this Court must still give the statute a valid and reasonable construction that will reconcile any inconsistencies and give effect to all its parts. . . . While the words of a statute must be given their ordinary construction according to their common and approved usage, . . . the Court can also refer to the legislative intent in passing the statute to find an appropriate interpretation. [*Girard v Wagenmaker,* 437 Mich 231, 238; 470 NW2d 372 (1991).]

See also *Nelson, supra at* 513-514.

Setoff is a legal or equitable remedy that may occur when two entities that owe money to each other apply their mutual debts against each other. See, generally, *Ellis v Phillips,* 363 Mich 587, 599; 110 NW2d 772 (1961); *United States v NBD Bank, NA,* 922 F Supp 1235, 1249 (ED Mich, 1996). In general, absent a statutory mandate authorizing a setoff in a particular circumstance, setoff is a matter in equity. See, generally, 20 Am Jur 2d, Counterclaim, Recoupment, and Setoff, § 11, p 236. On appeal, we review de novo a trial court's decision whether to grant equitable relief. *Webb v Smith (After Second Remand),* 224 Mich App 203; 568 NW2d 378 (1997); *Olsen v Porter,* 213 Mich App 25, 28; 539 NW2d 523 (1995).

In the no-fault act, the Legislature specified certain instances where a no-fault insurer may offset other recoveries from the payment of no-fault PIP benefits. As the Supreme Court stated in *Tebo v Havlik,* 418 Mich 350, 367-368; 343 NW2d 181 (1984) (opinion by BRICKLEY, J.):

The obvious purpose of the setoff provisions of the act is to eliminate duplicate benefits. The act "reduces the amount that the insurance companies must pay out, making it possible for them to reduce the amount that they must charge, and it does so only in those situations where benefits are redundant". *O'Donnell v State Farm Mutual Automobile Ins Co*, 404 Mich 524, 546; 273 NW2d 829 (1979). In effect, the Legislature made a trade-off. Those who were required to participate in the no-fault scheme gave up the possibility of redundant recoveries, but they were intended to receive the benefit of lower insurance rates.

Analysis of the setoff provisions in the no-fault act reveals a careful legislative effort to limit duplicative recovery only where the limitation would benefit a no-fault insurer, thus providing an incentive for lower insurance rates. Section 3116 of the act requires that personal injury protection no-fault benefits be reduced to the extent the insured has received equivalent compensation from tort judgments arising from accidents outside of the state, from accidents with uninsured motorists, and from intentionally caused harm. This reduction of benefits payable inures to the benefit of the injured party's no-fault insurer in situations where the tortfeasor would normally not be within the coverage of the no-fault act. Similarly, § 3109 of the act provides that personal injury protection no-fault benefits are to be reduced by the amount of governmental benefits provided or required by law to be provided to the injured insured. Again, when the additional compensation to the insured has come from a source outside the scope of the no-fault act, the no-fault insurer benefits by having to pay less compensation to the insured.

In addition, the Legislature provided in MCL 500.3148(2); MSA 24.13148(2) that a no-fault insurer may offset against PIP benefits otherwise payable to its insured reasonable attorney fees incurred in defending against fraudulent, excessive, or unreasonable claims:

An insurer may be allowed by a court an award of a reasonable sum against a claimant as an attorney's fee for the insurer's attorney in defense against a claim that was in some respect fraudulent or so excessive as to have no reasonable foundation. To the extent that personal or property protection insurance benefits are then due or thereafter come due to the claimant because of loss resulting from the injury on which the claim is based, such a fee may be treated as an offset against such benefits; also, judgment may be entered against the claimant for any amount of a fee awarded against him and not offset in this way or otherwise paid.

See, generally, *Beach v State Farm Mut Automobile Ins Co*, 216 Mich App 612, 626-628; 550 NW2d 580 (1996), and *Nelson v DAIIE*, 137 Mich App 226, 236-237; 359 NW2d 536 (1984).

In the present case, none of the statutory setoff provisions are applicable. The attorney fees awarded in the prior action were offer-of-judgment sanctions authorized by the court rules (MCR 2.405), not the no-fault act. In the prior case, there was no finding that plaintiff's claims were "fraudulent or so excessive as to have no reasonable foundation." Accordingly, § 3148 was not the basis for the judgment.

III

We next consider defendant's setoff claim under principles of equity. In this regard, *Auto-Owners Ins Co v Perry*, 223 Mich App 1; 566 NW2d 10 (1997), appears to be the only Michigan authority that applies equitable principle to the no-fault reimbursement scheme. *Perry* involved a unique factual situation in which the no-fault carrier made payment of PIP benefits under a reservation of rights. The disputed obligation arose from a Court of Appeals decision that was

subsequently reversed by the Supreme Court. After the reversal, the no-fault carrier sought reimbursement from its insured of the overpaid PIP benefits. In *Perry, supra* at 8, we allowed such reimbursement, stating:

> We do note that while plaintiff is correct that it is entitled to a reimbursement for all payments made in excess of those owed, plaintiff's theory that it paid based on a "mistake" is incorrect. Here, plaintiff was fully aware of all the facts and legal issues. It chose to pay [under a reservation of rights] and later seek reimbursement and defendant chose to accept payments knowing that plaintiff might later exercise that right if the Supreme Court overruled the Court of Appeals.
>
> Plaintiff is entitled to set off the amount of social security survivor payments from its no-fault payments and is, to that extent, entitled to receive reimbursement from defendant.

*Perry* is clearly distinguishable on its facts from the present case and, therefore, does not support defendant's position.

After thorough consideration, we hold that equity does not favor defendant's claim for a setoff. First and most importantly, the setoff sought by defendant is at odds with the overall goals and objectives of the no-fault act. Authorizing no-fault insurers to reduce PIP benefits by the outstanding unrelated debts of their insured would thwart the legislative goal of providing "assured, adequate and *prompt* reparation for certain economic losses." (Emphasis added.) *Shavers, supra* at 578-579; *Nelson v Transamerica, supra* at 514. The potential for such a setoff would likely inhibit the swiftness and certitude of no-fault benefits, because insurers would have an incentive to thoroughly investigate all outstanding obligations before

providing needed benefits to their insureds. The goals of the act could be impeded further because claimed setoffs could lead to contentious litigation regarding the legitimacy of claimed debts.

Finally, the inequity of allowing such a setoff is readily apparent in the present case. Although plaintiff concedes that she owes defendant money, she has sworn that she is indigent and unable to pay the outstanding judgment until she begins working. She claims that she cannot work, however, until she receives needed knee and back surgery. Because plaintiff cannot pay the judgment at this time and is unable to afford the needed surgery on her own, permitting defendant to offset its judgment from its obligation to pay PIP benefits would seriously impede plaintiff's ability to obtain reasonably necessary medical treatment. It is likely that plaintiff will be able to obtain the needed medical treatment, return to work and, hence, repay defendant for the judgment debt, only if defendant honors its obligation to pay the no-fault medical benefits without regard to any setoff.

The lower court correctly denied defendant's setoff claim and entered a declaratory judgment in favor of plaintiff.

Affirmed.