# STATE OF MICHIGAN

# COURT OF APPEALS

LAKE AREA GROUP, LLC,

        Plaintiff/Counter-Defendant-
        Appellee,

v

AL SELBERT and LINDA SELBERT,

        Defendants/Counter-Plaintiffs-
        Appellants.

UNPUBLISHED
December 21, 2017

Nos. 334679; 334839
Livingston Circuit Court
LC No.  15-028695-CZ

Before:  MURPHY, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

In these consolidated appeals, defendants, Al and Linda Selbert, challenge the trial court's orders dismissing their counterclaims for negligence and fraud, and awarding plaintiff, Lake Area Group, LLC, attorney fees and costs based on the court's determination that the Selberts' affirmative defenses to Lake Area Group's original complaint for breach of contract, as well as their counterclaims, were frivolous.  We affirm the trial court's dismissal of the Selberts' counterclaims, but reverse the orders awarding Lake Area Group attorney fees and costs.

## I.  BASIC FACTS

This case arises from the purchase of real property in a platted subdivision near Portage Lake in Washtenaw County.  In July 2014, the Selberts signed a purchase agreement with Lake Area Group to purchase vacant residential property at 8680 Dexter-Pinckney Road, consisting of Unit 4 of the Woods of Portage Lake development in Dexter Township.  The purchase agreement provided that the Selberts intended to build a home on the lot.  The purchase price was $230,000, of which $200,000 was allocated to the property and $30,000 to a "development fee."  The development fee would be waived if the Selberts used Lake Area Group's builder, "MSB."

The Selberts assert that their decision to purchase the property was influenced by the presence of a boardwalk that ran to Portage Lake and by representations that the boardwalk was safe for both foot traffic and the use of an e-cart (i.e., a golf cart).  Because the boardwalk ran through a wetland Lake Area Group had to obtain a permit from the Michigan Department of Environmental Quality (MDEQ) to construct it.  The Selberts maintain that after they purchased the property they became aware of problems with the construction of the boardwalk, which they contend was not built strictly in accordance with either the MDEQ permit or specifications

-1-

approved by the Dexter Township Planning Commission. The boardwalk underwent a final inspection by the Chelsea Area Construction Agency on August 24, 2015, and it was approved by the township on October 1, 2015.

The Selberts decided not to use MSB as their builder, and they also refused to pay the $30,000 development fee, ostensibly due to the condition of the boardwalk. Lake Area Group brought this action for breach of contract to recover the development fee. In answer to the complaint, the Selberts alleged the affirmative defenses of setoff and recoupment. The Selberts also filed a countercomplaint, which they later amended to allege claims for (1) breach of contract under the purchase agreement; (2) breach of contract under the Master Deed and By-Laws; (3) violation of the Condominium Act, MCL 559.101 *et seq.*; (4) negligence; and (5) fraud.

Lake Area Group moved for summary disposition of its breach of contract claim, which the trial court granted. The court also granted Lake Area Group's request for attorney fees and costs, finding that the Selberts' affirmative defenses to Lake Area Group's claim were frivolous. The court reasoned that the Selberts' defenses were based on the viability of their counterclaims, which could not properly be alleged as affirmative defenses to Lake Area Group's breach of contract claim. Thus, the court found that the Selberts' defenses were baseless. The trial court later denied Lake Area Group's motion for summary disposition of the Selberts' counterclaims. Following a bench trial, however, the court found that the Selberts had not proven their counterclaims, and therefore, dismissed them. The trial court also awarded Lake Area Group its attorney fees and costs for having to defend against the counterclaims, which the trial court found were frivolous.

## II. COUNTERCLAIMS

### A. STANDARD OF REVIEW

We first address the Selberts' argument that the trial court erred by dismissing their counterclaims for fraud and negligent construction of the boardwalk. The fraud claim was based on the Selberts' position that Lake Area Group misrepresented the condition of the boardwalk, particularly its capacity to handle e-carts. "This Court reviews a trial court's findings of fact in a bench trial for clear error and its conclusions of law de novo." *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). We defer to the trial court's determinations of witness credibility. *Guerrero v Smith*, 280 Mich App 647, 669; 761 NW2d 723 (2008).

### B. ANALYSIS

#### 1. NEGLIGENT CONSTRUCTION

The Selberts argue that the trial court erred by dismissing their claim for negligent construction. The elements of a claim for negligent construction are: "(1) the existence of a duty owed by defendant to plaintiffs or to any of plaintiffs' predecessors-in-interest, (2) to exercise due care in the construction of a building, and (3) a breach of that duty which (4) proximately caused (5) damages to plaintiffs or to any of plaintiffs' predecessors-in-interest." *Filcek v Utica Bldg Co*, 131 Mich App 396, 399-400; 345 NW2d 707 (1984). The Selberts argue that the trial court erroneously believed that their negligence claim was based on their claims for breach of

contract and violation of the Condominium Act. However, the record discloses that the trial court heard extensive, conflicting testimony regarding the condition of the boardwalk, particularly whether it could support e-cart traffic. In particular, Lake Area Group presented testimony from the boardwalk's designer, an engineer, who testified that the boardwalk was safe, and from the township inspector, who testified that he inspected the boardwalk and approved it. Lake Area Group's builder testified that he determined the strength of the boardwalk by consulting lumber tables and engineers, and he stated that it was designed for 2,000 pounds of weight. He tested it by driving a golf cart with two occupants on it. Lake Area Group's engineer also explained that because the foundation of the structure was intended to be flexible, the boardwalk was designed to require re-evaluation each spring to determine how it had shifted. Conversely, the Selberts' expert testified that the boardwalk was too light to be used for e-carts. The Selberts' expert also testified that the boardwalk did not meet the requirements of the building code, but the township inspector and Lake Area Group's engineer both testified that the boardwalk was not specifically covered by the code. The trial court ultimately found Lake Area Group's witnesses credible concerning the condition of the boardwalk, and thus determined that it was not negligently constructed. In light of the conflicting evidence presented at trial, and giving deference to the trial court's resolution of the witnesses' credibility, we find no clear error in the trial court's finding that the boardwalk was not negligently constructed.

## 2. FRAUD AND INNOCENT MISREPRESENTATION

The Selberts also argue that the trial court erred by finding that they failed to establish their counterclaim for fraud, which was based on their contention that Lake Area Group misrepresented the condition of the boardwalk, including its capacity to handle e-cart traffic. The Selberts also appear to assert that they presented sufficient evidence to establish a claim for innocent misrepresentation. The elements of both fraudulent misrepresentation and innocent misrepresentation are set forth as follows in *Titan Ins Co v Hyten*, 491 Mich 547, 555-556; 817 NW2d 562 (2012):

> Michigan's contract law recognizes several interrelated but distinct common-law doctrines—loosely aggregated under the rubric of "fraud"—that may entitle a party to a legal or equitable remedy if a contract is obtained as a result of fraud or misrepresentation. . . . Regarding actionable fraud [also known as fraudulent misrepresentation], the general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

> The doctrine of innocent misrepresentation is also well settled in Michigan, recognizing, by a long line of cases, that if there was in fact a misrepresentation, though made innocently, and its deceptive influence was effective, the consequences to the plaintiff being as serious as though it had proceeded from a vicious purpose, he would have a right of action for the

damages caused thereby either at law or in equity. [citations, quotation marks, and footnotes omitted.]

With respect to innocent misrepresentation, the Court in *Titan Ins Co* noted that "while it is unnecessary to show that the innocent misrepresenter knew his representation was false, it is necessary to show that not only does the victim suffer injury, but also the injury must inure to the misrepresenter's benefit." *Id*. at 556 n 5.

The trial court found that the Selberts had not established that Lake Area Group made a material misrepresentation concerning the condition of the boardwalk. That finding is consistent with the court's finding that the boardwalk was not negligently constructed. Although the Selberts now claim that the boardwalk did not meet all of the specifications in the MDEQ permit, they did not present any evidence that Lake Area Group represented to them that the boardwalk would be built in accordance with those specifications before they signed the purchase agreement. The informational materials furnished to the Selberts did not contain the boardwalk plans, and the Selberts did not testify that Lake Area Group's representative made any representations to them personally about the MDEQ specifications. Accordingly, the trial court did not clearly err by rejecting the counterclaim for fraud.

With respect to the Selberts' argument that they presented sufficient evidence to support a claim for innocent misrepresentation, their lawyer conceded at trial that the Selberts were not bringing such a claim. Thus, the Selberts cannot now rely on this theory of recovery on appeal. *Braverman v Granger*, 303 Mich App 587, 608; 844 NW2d 485 (2014).

## III. ATTORNEY FEES AND COSTS

### A. STANDARD OF REVIEW

The Selberts argue that the trial court erred in awarding Lake Area Group its attorney fees and costs on the grounds that their affirmative defenses and their counterclaims were frivolous. A trial court's ruling on a motion for costs and attorney fees is reviewed for an abuse of discretion. *Keinz v Keinz*, 290 Mich App 137, 141; 799 NW2d 576 (2010). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id*. "A trial court's findings of fact, such as whether a party's position was frivolous, may not be set aside unless they are clearly erroneous." *Id*. "Clear error signifies a decision that strikes [the reviewing court] as more than just maybe or probably wrong." *In re Williams*, 286 Mich App 253, 271; 779 NW2d 286 (2009). A finding is clearly erroneous if, despite the existence of evidence supporting the finding, the reviewing court, after reviewing the entire record, is left with a definite and firm conviction that a mistake has been made. *Id*.

### B. ANALYSIS

"Awards of costs and attorney fees are recoverable only where specifically authorized by a statute, a court rule, or a recognized exception." *Keinz*, 290 Mich App at 141 (citation and quotation marks omitted). MCR 2.114(D) provides that the signature of an attorney or party on a document constitutes a certification by the signer that:

(1) he or she has read the document;

(2) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; and

(3) the document is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

MCR 2.114(E) permits the court to fashion an appropriate sanction for filing a document in violation of MCR 2.114. In addition, under MCR 2.114(F) provides that a party pleading a frivolous claim or defense is subject to costs as provided in MCR 2.625(A)(2). Under MCR 2.625(A)(2), if the court finds that an action or defense was frivolous, costs shall be awarded as provided by MCL 600.2591, which in turn provides that "if a court finds that a civil action or defense to a civil action was frivolous, the court that conducts the civil action shall award the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney." MCL 600.2591(1).

Whether a claim is frivolous within the meaning of MCR 2.114(F) and MCL 600.2591 depends on the facts of the case. *Kitchen v Kitchen*, 465 Mich 654, 662; 641 NW2d 245 (2002). MCL 600.2591(3) defines "frivolous" to mean that "at least 1 of the following conditions is met:"

(*i*) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.[1]

(*ii*) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(*iii*) The party's legal position was devoid of arguable legal merit.

The mere fact that a party did not ultimately prevail does not render that party's legal position frivolous. *Kitchen*, 465 Mich at 662. Moreover, whether a claim or defense is frivolous is determined, not with hindsight, but from the perspective of the person making the claim or defense at the time it was made. *Louya v William Beaumont Hosp*, 190 Mich App 151, 162; 475 NW2d 434, 439 (1991). As explained in *Louya*,

[n]o experienced attorney or judge would dispute the fact that discovery and other circumstances during the course of litigation affect the evaluation of a case and its

---

[1] The trial court did not find that the Selberts primary purpose for asserting their affirmative defenses or counterclaims was to harass, embarrass, or injure Lake Area Group. Thus, we must consider whether the Selberts had a reasonable basis for believing that the facts underlying their legal positions were in fact true, and whether their legal positions were devoid of arguable legal merit.

potential outcome if tried. If this were not true, there would seldom, if ever, be settlement of a case before trial. There is a significant difference between bringing a lawsuit with no basis in law or fact at the outset and failing to present sufficient evidence to justify relief at trial. [*Id.*]

In their initial countercomplaint, the Selberts alleged claims for breach of contract and negligence. One of the Selberts' affirmative defenses to Lake Area Group's complaint was that Lake Area Group was not entitled to relief because it was the first party to materially breach the purchase agreement. The Selberts also raised the affirmative defense that Lake Area Group's claims were barred "in whole or in part, by the doctrines of setoff and/or recoupment." In their amended countercomplaint, filed on March 1, 2016, before the hearing at issue, the Selberts brought additional claims, including a counterclaim for fraud.

In finding that the Selberts' affirmative defenses were frivolous, the trial court reasoned that the Selberts had not disputed that the purchase agreement required them to pay a development fee if they did not use MSB as their builder. Instead, the Selberts were attempting to avoid liability for all or part of the development fee by establishing Lake Area Group's independent liability for other claims arising from the same transaction. The court concluded that any such liability would have to be resolved through the counterclaims, and so it was not a proper subject of the Selberts' asserted affirmative defenses, including the affirmative defenses of setoff and recoupment.

"An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff." *Cole v Ladbroke Racing Mich, Inc*, 241 Mich App 1, 9; 614 NW2d 169 (2000) (citation and quotation marks omitted). Setoff is a legal or equitable remedy that may occur when two entities that owe money to each other apply their mutual debts against each other. *Walker v Farmers Ins Exch*, 226 Mich App 75, 79; 572 NW2d 17 (1997). "A set-off is a counter demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of a plaintiff's cause of action, the object of which is to liquidate the whole or a part of the plaintiff's demand, according to the amount of the set-off. . . ." *Roemelmeyer v Roemelmeyer's Estate*, 219 Mich 322, 330-331; 189 NW 83 (1922). Likewise, recoupment is akin to a counterclaim or cross action for damages. *McCoig Materials, LLC v Galui Constr, Inc*, 295 Mich App 684, 694; 818 NW2d 410 (2012). In addition, it is a specific affirmative defense that must be pleaded. *Id*. at 694.[2]

In the Selberts' initial and amended countercomplaints, they raised a claim for breach of contract, which would entitle them to monetary damages if it were proven. See *Kewin v Massachusetts Mut Life Ins Co*, 409 Mich 401, 415; 295 NW2d 50, 53 (1980). Even if, as the

---

[2] We note that the Selberts' affirmative defenses, although not frivolous, were deficient because they were not supported by the "facts constituting an affirmative defense . . ." as required by MCR 2.111(F)(3). However, the question of whether the affirmative defenses are deficient under MCR 2.111(F)(3) is separate and distinct from the question of whether they are frivolous. And, as there was no move to strike the affirmative defenses as deficient, we decline to address this point further on appeal.

trial court found, the contracts for the purchase of the property and the construction of the boardwalk were somehow separate, either setoff or recoupment could still defeat, in whole or in part, Lake Area Group's claim for damages. Further, the Selberts' claims for negligent construction and for fraud, if proven, could also provide an avenue for recovering damages. *Titan Ins Co*, 491 Mich at 557-558. Although the Selberts asserted these claims in a separate countercomplaint, that did not preclude them from also relying on them to reduce or defeat their liability for the development fee through a defense of setoff or recoupment. In addition, at the time the trial court found that the Selberts' affirmative defenses were frivolous, it had not found that the alleged counterclaims were themselves frivolous. Instead, it had denied Lake Area Group's motion for summary disposition of those counterclaims. Furthermore, in addition to raising their own claim for breach of contract, the Selberts raised a defense of prior breach by Lake Area Group as a defense. "[O]ne who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform," where the first breach is substantial. *Michaels v Amway Corp*, 206 Mich App 644, 650; 522 NW2d 703 (1994) (citation and quotation marks omitted). The trial court did not even discuss this affirmative defense when it determined that the affirmative defenses were frivolous. For those reasons, we conclude that the trial court clearly erred by finding that the Selberts' affirmative defenses were frivolous.

We also conclude that the trial court erred by ruling that the Selberts' counterclaims were frivolous and by awarding Lake Area Group attorney fees and costs on that basis. During trial, the court expressed its view that the informational pamphlet provided by Lake Area Group to the Selberts, and a sign that stated the speed limits for golf carts, showed that there were representations, on which the Selberts reasonably relied, that there would be a boardwalk that could support a golf cart. Lake Area Group's lawyer acknowledged that his client did not dispute that such a representation was made. The trial court ultimately found, however, the Selberts had not established a claim for fraud, and that they similarly failed to establish their claim for negligence. Notwithstanding this finding, the Selberts presented expert testimony that the boardwalk was substantially too light to be used for e-carts. Moreover, the Selberts presented expert opinion evidence that the boardwalk did not meet the applicable building code and was unsafe for individuals and e-carts. As explained supra, the trial court ultimately credited Lake Area Group's evidence to resolve these claims in Lake Area Group's favor. But in light of the Selberts' expert testimony offered in support of their position that the representations concerning the condition and capacity of the boardwalk were false, they had a reasonable basis for believing that the facts underlying their legal position were true and that their legal position was not devoid of arguable legal merit.

Because of the difficulty of proving an actor's state of mind, circumstantial evidence of intent is sufficient to evaluate whether Lake Area Group knew the representations were false when made. See *Rutan v Straehly*, 289 Mich 341, 349; 286 NW 639 (1939); *People v Kanaan*, 278 Mich App 594, 622; 751 NW2d 57 (2008). Lake Area Group's agent admitted that he had to fix the boardwalk before the Selberts entered into the purchase agreement. He also acknowledged that in April 2014 he observed the boardwalk move while eight people were standing on it. With respect to maintenance, he stated that the first adjustments were made in April or May of 2014. Although the agent characterized the spring repairs and adjustments to the boardwalk as "standard maintenance," his admission that the boardwalk would require continual and perpetual fixing could reasonably support an inference that he knew that the

boardwalk was defectively designed. Alternatively, it supports a finding that Lake Area Group was at least reckless in stating that it would safely hold an e-cart. In addition, the Selberts presented cost estimates to fix the boardwalk to make it safe for use. Considering this evidence, they had a reasonable basis for believing that the facts underlying their legal position were true and that their legal position was not devoid of arguable legal merit. The mere fact that they did not ultimately prevail does not render their legal position frivolous. *Kitchen*, 465 Mich at 662.

Likewise, the Selberts' claim for breach of contract was defeated by the trial court's finding that Lake Area Group had not breached any agreement to construct the boardwalk for the safe use of e-carts. As with the fraud claim, conflicting evidence was presented on the issue whether the boardwalk could safely be used for e-carts. Again, the fact that the trial court resolved that issue by finding Lake Area Group's expert more credible does not render the counterclaim frivolous. *Id.* For these reasons, we conclude that the trial court clearly erred by finding the Selberts' counterclaims frivolous and awarding Lake Area Group attorney fees and costs on that basis.

In sum, we affirm the trial court's dismissal of the Selberts' counterclaims, but reverse the orders awarding Lake Area Group attorney fees and costs.

Affirmed in part and reversed in part. No taxable costs, neither party having prevailed in full. MCR 7.219(A).

/s/ William B. Murphy
/s/ Michael J. Kelly
/s/ Brock A. Swartzle