*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES BARKER,

        Plaintiff-Appellant,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
January 27, 2025
2:44 PM

No. 366630
Macomb Circuit Court
LC No. 2021-003070-NF

Before: GADOLA, C.J., and O'BRIEN and MALDONADO, JJ.

PER CURIAM.

Plaintiff appeals as of right a stipulated order of dismissal in which he reserved the right to appeal the trial court's earlier order that granted defendant's motion to offset Social Security payments plaintiff received from personal protection insurance (PIP) benefits defendant owed or may owe plaintiff. The trial court granted this motion under MCL 500.3109(1), which requires that government benefits provided to an insured be subtracted from the PIP benefits payable to the insured to the extent that the government benefits are duplicative of PIP benefits. On appeal, plaintiff does not take issue with the trial court's conclusion that he received duplicate benefits. He argues instead that the trial court erred by permitting defendant to offset the duplicate benefits plaintiff received against no-fault benefits owed plaintiff that were not, themselves, duplicative of a government benefit that plaintiff received. Because the relief ordered by the trial court is consistent with the plain language of MCL 500.3109(1), we affirm.

## I. BACKGROUND

After plaintiff was involved in a motor vehicle collision in June 2015, defendant provided him no-fault benefits, including work-loss and medical benefits. Defendant paid plaintiff work-loss benefits through 2018. Plaintiff applied for Social Security disability benefits in June 2018, and the benefits were approved in December 2019. Along with that approval, plaintiff received a lump-sum payment representing the benefits to which he was entitled going back to 2015.

At some point, defendant sent plaintiff a notice informing him that his coverage was suspended. In August 2021, plaintiff sued defendant for unpaid benefits. In March 2023, defendant

-1-

learned of the lump-sum Social Security payment that plaintiff received as compensation for lost wages, and moved under MCL 500.3109(1) either for reimbursement of the work-loss benefits it had paid plaintiff or to have those overpayments set off against any money defendant would owe plaintiff as a result of this litigation. In response, plaintiff argued that defendant's requested relief was improper because MCL 500.3109(1) only entitled defendant to offset no-fault benefits that were redundant or duplicative of government benefits that plaintiff received or was entitled to receive, and none of the no-fault benefits that plaintiff was requesting in this action were redundant or duplicative of the Social Security disability payments that he received. Plaintiff contended that defendant should sue plaintiff for any money that defendant believed it was entitled to receive from plaintiff.

In May 2023, the trial court issued a three-page opinion and order granting defendant's motion for reimbursement or set off. As pertinent to this appeal, the court stated:

> [Plaintiff] received a federal government benefit, social security disability, that should be deducted from the loss of income payments he received from [defendant]. Accordingly, [defendant] is entitled to reimbursement, which shall be adjusted upon conclusion of the jury trial when a verdict has been rendered.

The parties eventually settled the underlying dispute, and in June 2023, the court entered a stipulated order for dismissal in which plaintiff reserved the right to appeal the court's May 2023 opinion and order. This appeal followed.

## II. JURISDICTION

Before turning to the merits of plaintiff's appeal, we must first address defendant's contention that this appeal should be dismissed either as moot or for lack of jurisdiction. Defendant argues that this appeal is moot because the trial court ruled that defendant was entitled to reimbursement only through adjustment of a verdict following trial, and because there was no trial or verdict, "it is impossible for this Court to grant relief, rendering [plaintiff's] appeal moot." See *CD Barnes Assoc, Inc v Star Heaven, LLC*, 300 Mich App 389, 406; 834 NW2d 878 (2013) (explaining "that an issue becomes moot when an event occurs that renders it impossible for the reviewing court to grant relief"). Defendant similarly argues that plaintiff is not an "aggrieved party" under MCR 7.203(A)(1) because the court ordered that defendant's reimbursement or set-off be applied against "*only the jury verdict*," and that verdict "never materialized due to [plaintiff's] acquiescence to a dismissal without a trial."

Both arguments fail because they are based on the same incorrect premise—that the trial court conditioned its ordered relief on the parties litigating this case through trial to a verdict. The court ordered that "[defendant] is entitled to reimbursement, which shall be adjusted upon conclusion of the jury trial when a verdict has been rendered." Clearly, the court did not condition defendant's entitlement to reimbursement on anything—the order stated that "[defendant] is entitled to reimbursement" from plaintiff under MCL 500.3109(1). While the trial court ordered that any verdict "be adjusted" to account for defendant's reimbursement, the court did not condition defendant's right to reimbursement on the existence of a trial or verdict.

With this proper understanding of the court's May 2023 order, defendant's arguments are easily dispensed with. First addressing defendant's mootness argument, plaintiff argues that the

trial court was not permitted to grant defendant relief under MCL 500.3109(1) in plaintiff's action for no-fault benefits because defendant's only recourse to collect overpayments it might have made to plaintiff was to bring a collections action against plaintiff. If this Court agrees, it can grant plaintiff his requested relief by reversing the trial court's May 2023 order, so this appeal is not moot.

As for defendant's jurisdictional argument, the trial court's conclusion that "[defendant] is entitled to reimbursement" from plaintiff constitutes a concrete and particularized injury to plaintiff arising from the trial court's actions, so plaintiff is an "aggrieved party" under MCR 7.203(A)(1). See *Federated Ins Co v Oakland Co Rd Comm*, 475 Mich 286, 291-292; 715 NW2d 846 (2006). Relatedly, given the trial court's holding that defendant is entitled to reimbursement, if defendant were to bring a collections action against plaintiff to recoup overpayments, see, e.g., *Michigan Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 199; 596 NW2d 142 (1999) (explaining that an insurer who paid duplicate benefits to an insured in violation of MCL 500.3109(1) may recover the overpayments under a theory of unjust enrichment), plaintiff would be collaterally estopped from relitigating whether defendant was entitled to that reimbursement. See *Estate of Romig by Kooman v Boulder Bluff Condos*, 344 Mich App 1, 6; 998 NW2d 715 (2022) (explaining collateral estoppel). This provides another basis to conclude that plaintiff is an "aggrieved party" under MCR 7.203(A)(1).

## III. MOTION FOR REIMBURSEMENT

Turning to plaintiff's appeal, he argues that the trial court used "an improper method of setting off" his Social Security disability benefits "as they may only be set off from duplicative benefits," and the benefits he requested in this case were not duplicative of any government benefit he received or was entitled to receive. We disagree.

### A. STANDARD OF REVIEW

The parties dispute the proper interpretation and application of MCL 500.3109(1). This presents a question of law, which is reviewed de novo. *Eggleston v Bio-Med Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003).

The purpose of statutory interpretation is to discern and give effect to the Legislature's intent. *Farris v McKaig*, 324 Mich App 349, 353; 920 NW2d 377 (2018). This task begins by examining the language of the statute itself. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Id*.

### B. ANALYSIS

MCL 500.3109(1) provides: "Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury under this chapter." The "obvious purpose" of this provision "is to eliminate duplicate benefits." *Michigan Ed Employees Mut Ins Co*, 460 Mich at 194 (quotation marks and citation omitted). See also *DeMeglio v Auto Club Ins Ass'n*, 449 Mich 33, 47-48; 534 NW2d 665 (1995); *O'Donnell v State Farm Mut Auto Ins Co*, 404 Mich 524, 546; 273 NW2d 829 (1979).

While not expressly conceding the point, plaintiff does not dispute the trial court's conclusion that the Social Security disability payments he received from the federal government were duplicative of the work-loss benefits he received from defendant. Even if contested, however, the trial court's conclusion in this respect was sound. See, e.g., *Profit v Citizens Ins Co of Am*, 444 Mich 281, 288; 506 NW2d 514 (1993) (holding that, under MCL 500.3109(1), "social security disability benefits, because they are '[b]enefits provided or required to be provided under the laws' of the federal government, 'shall be subtracted' from work loss benefits otherwise payable for an automobile injury").

The question on appeal is whether MCL 500.3109(1) permitted the trial court to order a set-off of the amount that defendant overpaid for work-loss benefits against the PIP benefits plaintiff was requesting in this case. Plaintiff emphasizes that he is not currently seeking work-loss benefits, but he does not dispute that the attendant care and medical benefits he *is* seeking constitute "personal protection insurance benefits." See MCL 500.3107(1)(a). MCL 500.3109(1) permits defendant to subtract government benefits that duplicate PIP benefits from "personal protection insurance benefits otherwise payable for the injury under this chapter." Because plaintiff is requesting "personal protection insurance benefits otherwise payable for the injury under this chapter," the plain language of MCL 500.3109(1) permits a setoff against them.

This conclusion is "further cemented by looking to the purpose behind" MCL 500.3109(1). *DeMeglio*, 449 Mich at 47. The statute is intended to eliminate duplicate benefits. *Michigan Ed Employees Mut Ins Co*, 460 Mich at 194. This purpose is served by allowing defendant to subtract the duplicate benefits that plaintiff received from the PIP benefits that defendant owes plaintiff, thereby eliminating the duplicate benefits that plaintiff received.

Plaintiff argues that the trial court used "an improper method of setting off" the duplicate benefits plaintiff received because MCL 500.3109(1) only applies "if a specific duplicate benefit must be offset." Applying plaintiff's rule here, defendant would only be entitled to a set-off against work-loss benefits (which plaintiff says he is not requesting) because the Social Security disability payments plaintiff received only duplicated the work-loss benefits defendant paid.

This interpretation of MCL 500.3109(1) adds a requirement to the statute that is not found in the statute's plain text, and, for that reason, must be rejected. See *Scugoza v Metro Direct Prop & Cas Ins Co*, 316 Mich App 218, 228; 891 NW2d 274 (2016) (explaining that this Court cannot add a requirement to a statute). Nothing in the text of MCL 500.3109(1) suggests that a government benefit that duplicates a PIP benefit can only be subtracted from the same PIP benefit that the government benefit duplicates. Nor would the purpose of MCL 500.3109(1) be served by adding such a limitation—the statute is intended to eliminate duplicate benefits, and plaintiff's proposed interpretation adds extratextual obstacles to achieving that end.

Plaintiff, to his credit, does not argue that his position is supported by the language of MCL 500.3109(1) but rather contends that his position is supported by caselaw interpreting the statute. None of the cases on which plaintiff relies support his argument, however. The cases generally address whether the government benefit the insured received was duplicative of PIP benefits that the insured was paid or owed. See *O'Donnell*, 404 Mich at 544-547 (holding that "the benefits received by the plaintiffs from the Federal government fell within the scope of § 3109(1)'s set-off"); *Swanson v Citizens Ins Co*, 99 Mich App 52, 57-58; 298 NW2d 119 (1980), vacated on other

grounds 411 Mich 945; 308 NW2d 99 (1981) (holding that, because Social Security survivor's benefits do not pay for replacement services, those benefits cannot offset replacement services required to be provided as part of survivors' loss benefits under MCL 500.3108); *Cole v Detroit Auto Inter-Ins Exch*, 137 Mich App 603, 613; 357 NW2d 898 (1984) (confirming that Social Security survivor's benefits cannot offset replacement services owed as part of survivors' loss benefits under MCL 500.3108); *Thompson v Detroit Auto Inter-Ins Exch*, 418 Mich 610, 615; 344 NW2d 764 (1984) (holding that MCL 500.3109(1) "requires the subtraction of social security disability payments to dependents from the work-loss benefits otherwise payable for the injury under the no-fault act although they are paid directly to the dependent spouse and children"); *Sharp v Preferred Risk Mut Ins Co*, 142 Mich App 499, 507-508; 370 NW2d 619 (1985) (concluding that, under the terms of its policy with the insured, the insurer was not entitled to a set-off for Social Security disability benefits paid to the insured, nor was the insurer entitled to a set-off of those benefits under MCL 500.3109(1) because the evidence suggested that the insured had only received no-fault benefits "for replacement services," "not loss of income"). At issue here is not whether plaintiff received duplicate benefits but the manner in which defendant was entitled to a set-off of duplicate benefits received by plaintiff. For the reasons explained, the plain language of MCL 500.3109(1) controls the outcome of this issue.

Plaintiff also relies on this Court's discussion in *Walker v Farmers Ins Exch*, 226 Mich App 75, 82-83; 572 NW2d 17 (1997), in which we considered whether the defendant-insurer was entitled to an equitable offset. That discussion is inapplicable here because, unlike in *Walker*, this case concerns the application of a statutory setoff provision. See *id*. at 81 ("In the present case, none of the statutory setoff provisions are applicable.").

Plaintiff additionally relies upon *Cooper v Jenkins*, 282 Mich App 486, 487; 766 NW2d 671 (2009), where this Court addressed whether a no-fault insurer had to pay attendant care benefits to a claimant if the attendant care was provided by the uninsured owner of the motor vehicle that the claimant was driving when injured. The insurer argued that it should not have to pay attendant care benefits that would in turn be paid to the uninsured owner because the insurer was entitled to recoup that payment from the uninsured owner under MCL 500.3177(1). *Cooper*, 282 Mich at 487. This Court rejected that argument, reasoning that the insurer did not cite any statutory authority establishing that it could "unilaterally withhold benefits from a claimant on the basis of [the insurer's] perception that the service provider eventually would be required to reimburse or indemnify it." *Id*. at 490. The *Cooper* Court additionally reasoned that the statutes requiring the insurer to pay benefits used mandatory language, while the statute allowing the insurer to seek reimbursement used permissive language. *Id*. This case is thus readily distinguishable from *Cooper*. MCL 500.3109(1) provides a clear statutory basis for defendant's request and the trial court's action, and it does so using mandatory language—duplicate government benefits "shall be subtracted from the personal protection insurance benefits otherwise payable for the injury under this chapter."

Affirmed.

/s/ Michael F. Gadola
/s/ Colleen A. O'Brien